**Frances SMALDONE, Plaintiff,**

v.

**Jerome KURTZ, Commissioner, Internal Revenue Service, et al., Defendants.**

**Civ. A. No. 77–1492.**

United States District Court, District of Columbia.

Jan. 27, 1978.

---

1. While these motions were pending, plaintiff directed the court's attention to *Ninth Liberty Loan Corp. v. Hardy,* 53 Ill.App.3d 601, 11 Ill.Dec. 363, 368 N.E.2d 971 (5th Dist. 1977), and *American Buyers Club, etc. v. Grayling,* 53 Ill.App.3d 611, 11 Ill.Dec. 449, 368 N.E.2d 1057 (5th Dist. 1977), the latter of which cases held a contract which was substantially identical to that here pending unconscionable and void under Illinois law.

Those decisions have been considered, but the same are deemed to have no bearing upon the pending motions. No further comments are deemed appropriate at this juncture, except

the following. Those decisions express the views of the Appellate Court for the Fifth District of Illinois, as to the interpretation of the Illinois statutes and as to the impact thereon of the federal Truth in Lending Act. It also must be noted that *Hardy* adopts the decision in *Pollock v. General Finance Corp.,* 535 F.2d 295 (5th Cir. 1976) [which this court rejected in *DeJaynes v. General Finance Corporation of Illinois,* 442 F.Supp. 377 (1977)], as persuasive authority, in its comments and interpretation of the Federal Act. 11 Ill.Dec. at 367, 368 N.E.2d at 975.

Walter H. Fleischer, Washington, D. C., for plaintiff.

John J. McCarthy, Donald J. Gavin and Robert L. Gordon, U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

SIRICA, District Judge.

The parties to this lawsuit have swiftly and skillfully maneuvered the case to the point of deadlock. The impasse is traceable to the antagonistic contentions of the parties. Plaintiff adamantly urges that additional discovery is necessary to defeat defendants' currently outstanding motion to dismiss. Defendants just as insistently maintain that the basis for dismissing the action, the Anti-Injunction statute, 26 U.S. C.A. § 7421(a) (Supp.1977), excuses having to comply with the detailed discovery requests made by plaintiff. As is not infrequently the case in robustly litigated controversies, the merits lie somewhere in between.

Analysis begins with the proposition that suits brought to interfere with the collection of taxes are specifically prohibited by statute. See 26 U.S.C.A. § 7421(a) (Supp.1977); 28 U.S.C. § 2201 (1970). Only in exceptional circumstances are actions aimed at interfering with tax collection permitted to proceed to final resolution. See *Commissioner of Internal Revenue v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278, *affirming,* 162 U.S.App.D.C. 391, 499 F.2d 527 (1974); *Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). To present a case of exceptional circumstances, the record must indicate that equitable jurisdiction exists and, beyond this, that even "under the most liberal view of the law and the facts, the United States cannot establish its claims." *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129.

This test is straightforward. Overcoming the anti-injunction bar depends, first, on whether the requisite elements of equity jurisdiction are present, meaning a remedy at law made inadequate through the existence of immediate and irreparable injury, the absence of laches, of unclean hands and of any other equitable bar to relief. Secondly, the application of the exception depends on whether facts exist to support, even remotely, the view that taxes are due in the amount assessed.

The difficulty with this test lies in its application. To begin with, dismissal based on the anti-injunction statute is typically urged as the preliminary response to plaintiff's complaint. But in motions to dismiss well pleaded allegations of fact, including allegations of irreparable injury, must be accepted as true. Until the developing record indicates that the opposite is true, plaintiff's allegations are to be deemed controlling. See *Shapiro, supra,* 162 U.S.App.D.C. at 397–98, 499 F.2d at 533–34 n.24.

Defendants seemingly understand this. They argue that a review of plaintiff's own complaint reveals allegations that themselves defeat her assertion of equitable jurisdiction. Defendants point specifically to plaintiff's allegation that she filed a refund claim in December 1974 and that, because this claim was never acted upon, she has been free for years to litigate the matter, at least in part, by means of filing a refund suit. See Brief of Defendants at 9–10. As the Court understands this contention, it is

basically a laches argument. Why, defendants seem to be asking, should plaintiff be permitted to overcome the anti-injunction provision after deliberately scoffing at earlier available legal remedies. This argument is not implausible. Indeed, as the Court noted in *Shapiro,* "If [it appears] that the absence of a remedy at law at this time is due to [plaintiff's] failure to pursue that remedy, then equity will not intervene and the complaint should be dismissed." *Shapiro, supra,* 424 U.S. at 634 n.15, 96 S.Ct. at 1074. But again, there is nothing in the present record in this case to indicate whether plaintiff's failure to pursue her legal remedies should be excused. Discovery by defendants on this point, as well as on any of the other factual points made relevant by the equity half of the *Shapiro* test, appears to be necessary to move the case to a stage where it can be disposed of.

The other half of the *Shapiro* test also presents difficulties in application. As with the existence of the requisite elements for equitable jurisdiction, whether or not "under [any] circumstances could the Government ultimately prevail" in its claim of taxes due turns on the results of factual inquiries. *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129. Moreover, it is the taxpayer who bears the burden of coming forward with the facts necessary to prove the government's inability to succeed. *Shapiro, supra,* 424 U.S. at 627–28 & n.10, 96 S.Ct. 1062. But paradoxically it is often the government that possesses the facts needed to evaluate the merits of its case. *Shapiro* recognizes this anomaly, and gives the government a choice between "voluntarily" presenting supportive evidence or "insist[ing], that facts in its sole possession be obtained through discovery." *Id.* at 628 n.10, 96 S.Ct. at 1071.

In the case now before the Court, defendants did come forward with information to buttress their assertion that success on the merits is likely. But this information, disclosed in response to plaintiff's first set of interrogatories, is skeletal at best regarding the critical questions of plaintiff's liability for taxes due and in what amount. Furthermore, the manner in which this information was provided indicated that it has been passed down two or more times before being transformed into responses to interrogatories.

Even so, the Court was prepared to decide defendants' motion (one way or the other) on the basis of this limited showing. And it would have actually done so had plaintiff not sought further relevant information from defendants. In the Court's view, plaintiff's second set of interrogatories appeared reasonably calculated to move the case in the direction of a point where a reasoned decision could be reached on defendants' motion. This is why the Court postponed hearing the case until a date after defendants' responses were due. Defendants, however, have made it clear that they want their motion resolved on the undeveloped record and, to that end, have "generally" objected to plaintiff's second interrogatories and sought an appropriate protective order. Plaintiff, on the other hand, insists that a decision on defendants' motion should await responses to her second interrogatories. This Court agrees. In the Court's estimation, a final decision in this case should be made on as complete an evidentiary record as is practicable. Obviously, it is preferable to resolve dispositive motions on the basis of the full state of facts as recounted by persons having first-hand knowledge of them. To resolve such motions on a bare-bones outline of the pertinent circumstances may be sufficient in certain cases. But it is not the desirable course to take.

An Order in accordance with these views will be issued of even date herewith.