577 F.2d 485
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest NAKAMURA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl K. H. KIM, Sr., a/k/a "The Old Man," Defendant-Appellant.
 Nos. 76-3704, 76-3705.
 United States Court of Appeals,
Ninth Circuit.
 June 26, 1978.
 
 Michael T. I. Kim (argued), Gordon M. Bronson (argued), Honolulu, Hawaii, for defendants-appellants.
 Michael L. Sterrett, Sp. Atty. of Dept. of Justice, Washington, D. C., for plaintiff-appellee.
 Before BROWNING, Chief Judge.
 The claims of Michael T. Kim and Rodney Kim for compensation under the Criminal Justice Act are denied. This order, the recommendations of the panel, and the reports of the special master shall be published.
 
 
 1
 Before CHAMBERS and ELY, Circuit Judges, and LINDBERG, District Judge.
 
 
 2
 RECOMMENDATIONS OF PANEL ON SPECIAL MASTER'S REPORTS
 
 
 3
 Pursuant to the recommendation of Magistrate Terlizzi, acting as special master, it is the recommendation of the panel that the claim of Michael T. I. Kim, for compensation in the amount of $7,525.10 (Voucher No. 78540), be denied in its entirety. The claim is obviously an imposition on the government.
 
 
 4
 The panel recommends that the claim of Rodney Kim, for compensation in the amount of $2,967.84 (Voucher No. 78538), be denied in its entirety. This is for the reason that the portion ($237.84) of the whole amount claimed that might otherwise be allowed as compared to that portion that is not valid, is de minimis.
 
 
 5
 The panel does not recommend, but believes it would be appropriate to assess the magistrate's travel expenses to Hawaii to Michael T. I. Kim and Rodney Kim, as the expenses far exceed the amount which might otherwise be considered in the clear. It might be, however, a good rule to apply hereafter.
 
 REPORT AND RECOMMENDATION
 
 6
 On January 9, 1978, Michael T. I. Kim, Esquire, submitted voucher No. 78540 wherein he requested $7,260.00 for services and $265.00 for costs in connection with his representation on appeal of Ernest Nakamura under the Criminal Justice Act (S/M 1). On March 27, 1978, Chief Judge James R. Browning of the United States Court of Appeals for the Ninth Circuit appointed the undersigned, the United States Magistrate for the District of Arizona at Tucson, Arizona, as a Special Master to conduct a hearing in Honolulu, Hawaii, on the appropriateness of the submitted charges (S/M 2). Pursuant to that designation the Special Master entered an order directing Mr. Michael T. I. Kim to appear and testify in the United States District Court for the District of Hawaii in Honolulu, Hawaii, on April 25, 1978, and to then produce all books, papers, vouchers, documents and writings applicable to United States of America versus Ernest Nakamura, also known as "Cincinnati", and Joseph H. Kawamoto, also known as "Lefty", et al., DC-CR-75-0154; and United States of America versus Ernest Nakamura, also known as "Cincinnati", and Joseph H. Kawamoto, also known as "Lefty", CA No. 76-3704 and CA No. 77-1209 (S/M 3). Testimony was received on April 25, 1978, and April 26, 1978.
 
 STATEMENT OF THE CASE
 
 7
 Between December 18, 1975, and January 15, 1976, three subsequently consolidated companion criminal cases were filed in the United States District Court for the District of Hawaii. These were:
 
 
 8
 1. United States of America versus Earl K. H. Kim, Sr., et al., DC-CR-75-0154 (a two-count indictment which charged conspiracy and illegal gambling, and named eighteen defendants) (S/M 4);
 
 
 9
 2. United States of America versus Charles A. Wong, et al., DC-CR-75-0155 (A two-count indictment which charged conspiracy and illegal gambling, and named sixteen defendants) (S/M 5); and
 
 
 10
 3. United States of America versus Earl K. H. Kim, Sr., et al., DC-CR-76-0005 (a five-count indictment which charged evasion of special occupational tax, and named six defendants) (S/M 6).
 
 
 11
 Michael T. I. Kim, Esquire, 908 Financial Plaza of the Pacific, 130 Merchant Street, Honolulu, Hawaii 96813, was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, by the United States District Court for the District of Hawaii to represent one Ernest Nakamura in DC-CR-75-0154 and DC-CR-76-0005. (The testimony of Mr. Kim indicates that he had also been appointed under the Criminal Justice Act to represent Mr. Nakamura in DC-CR-75-0155, but Mr. Nakamura is not named in that indictment) (Tr. 3-5).
 
 
 12
 Mr. Kim was also retained counsel for one Joseph H. Kawamoto in DC-CR-75-0154 and DC-CR-75-0155. Mr. Kim was also retained counsel for one Eugene Yamamoto in DC-CR-75-0155.
 
 
 13
 Ernest Nakamura and Joseph H. Kawamoto were each convicted after a four-week jury trial in DC-CR-75-0154, and each defendant subsequently appealed. In the United States Court of Appeals for the Ninth Circuit Mr. Nakamura's case became CA No. 76-3704 and Mr. Kawamoto's case became CA No. 77-1209.
 
 
 14
 The indictment against Mr. Kawamoto and Mr. Yamamoto in DC-CR-75-0155 was dismissed, at the request of the government, on April 12, 1977 (S/M 5, Nos. 162 and 163). The indictment against Mr. Nakamura in DC-CR-76-0005 was dismissed, at the request of the government, on January 26, 1977 (S/M 6, No. 60).
 
 
 15
 On February 24, 1977, Mr. Michael T. I. Kim's voucher No. 431149 was approved in the amount of $4,330.00 for services rendered in the District Court under the Criminal Justice Act on behalf of Ernest Nakamura (S/M 7). This one voucher represented Mr. Kim's claim in both cases in which Mr. Nakamura was initially charged, and Mr. Kim has been paid in full (Tr. 5).
 
 
 16
 As retained counsel for Mr. Kawamoto, Mr. Kim billed, and subsequently received, approximately $3,500.00, in addition to the above, from Mr. Kawamoto (Tr. 12).
 
 
 17
 As retained counsel for Mr. Yamamoto, Mr. Kim did not bill Mr. Yamamoto, and Mr. Kim has received no funds from Mr. Yamamoto. Mr. Kim testified that he had been retained by Mr. Yamamoto in contemplation of his case going to trial, and since there was no trial as to Mr. Yamamoto, Mr. Kim was not entitled to any fee from Mr. Yamamoto (Tr. 13-14).
 
 
 18
 On January 9, 1978, Mr. Kim submitted voucher No. 78540 for his services and costs on behalf of Mr. Nakamura in CA No. 76-3704 (S/M 1). Mr. Kim therein requested $7,260.00 for his services and $265.00 for his costs in connection with Mr. Nakamura's appeal.
 
 
 19
 Mr. Kim also continued his representation of Joseph H. Kawamoto as retained counsel on appeal, CA No. 77-1209. Mr. Kawamoto agreed to pay Mr. Kim $2,500.00 for Mr. Kim's services on appeal. To date, Mr. Kim has received nothing but promises from Mr. Kawamoto regarding payment of the $2,500.00. About one year ago Mr. Kim ascertained that Mr. Kawamoto was unemployed, and about one month ago Mr. Kim last contacted Mr. Kawamoto about the latter's payment of the $2,500.00. Mr. Kim quoted Mr. Kawamoto as saying, "Please trust me. You know I'll pay you some day, but I don't have it now." (Tr. 9-11).
 
 
 20
 The appeals of Mr. Ernest Nakamura and Mr. Joseph H. Kawamoto were consolidated with those of five other appellants. The opening briefs submitted by Mr. Michael Kim on behalf of his two appellants were identical. Mr. Michael Kim subsequently filed one reply brief on behalf of both of his appellants.
 
 
 21
 Mr. Kim's voucher for payment on behalf of Mr. Nakamura under the Criminal Justice Act shows two hours of "in court" time, three hundred and sixty hours of "out of court" time, and $265.10 for his round-trip airline ticket to the court of appeals.
 
 
 22
 In support of his claim for compensation under the Criminal Justice Act, Mr. Kim submitted his time records to the Special Master (S/M 8). These records show that Mr. Kim spent thirty-nine and three-quarters on research, one hour at a hearing and sixteen hours travelling to and from his home in Honolulu, Hawaii to the Court of Appeals in San Francisco, California.
 
 
 23
 The time records of William Sandkuhler, III, Esquire, were also submitted to the Special Master (S/M 9). Mr. Sandkuhler's records show that he spent four hundred twenty-eight and one-half hours working on the appeal of Ernest Nakamura. Mr. Michael Kim testified that he "retained" Mr. Sandkuhler to assist him and that Mr. Sandkuhler did the bulk of the research and writing. Mr. Sandkuhler was at no time a member of Mr. Michael Kim's law firm and, at no time, was Mr. Sandkuhler appointed by any court as additional counsel on behalf of Ernest Nakamura (Tr. 9, 21, R. Kim Tr. 42, Luka Tr. 2-3).
 
 
 24
 In computing the hourly figures on voucher No. 78540, Mr. Michael Kim combined his number of hours spent with those of Mr. Sandkuhler (Tr. 20).
 
 ISSUE
 
 25
 What amount of money, if any, would provide fair compensation to Michael T. I. Kim, Esquire, for his services rendered and costs expended on behalf of Ernest Nakamura in CA No. 76-3704?
 
 DISCUSSION
 
 26
 The Criminal Justice Act, 18 U.S.C. § 3006A, provides, inter alia, for the appointment of counsel in criminal cases if the United States magistrate or the court, if satisfied after appropriate inquiry, finds that the defendant is financially unable to obtain counsel. Any attorney appointed pursuant to the statute shall be compensated at a rate not exceeding $30.00 per hour for time expended in court and $20.00 per hour for time reasonably expended out of court. Pursuant to 18 U.S.C. § 3006A(d)(2) compensation for representation of a defendant in an appellate court shall not exceed $1,000 unless pursuant to 18 U.S.C. § 3006A(d)(3), the appellate court finds that any particular representation of a defendant was extended or complex, the appellate court certifies that the amount of excess payment is necessary to provide fair compensation, and the payment is approved by the chief judge of the circuit.
 
 
 27
 The Criminal Justice Act refers to the appointment of counsel by the United States magistrate or the court. In United States v. Naples, 266 F.Supp. 608 (D.C.D.C., 1967) certain applications for compensation for services rendered were submitted by attorneys other than the one appointed by the district court. In returning the applications, without approval, Judge Bazelon stated that the Criminal Justice Act permitted compensation only for an attorney appointed pursuant to 18 U.S.C. § 3006A. Judge Bazelon further stated that the attorneys involved could file amended applications reflecting only the time and services rendered by the attorney appointed pursuant to the statute.
 
 
 28
 In the matter before the Special Master, Mr. Michael T. I. Kim was the only attorney appointed under the Criminal Justice Act. The time claimed by Mr. William Sandkuhler, III, should not be compensable under the Act.
 
 
 29
 Mr. Michael T. I. Kim's voucher shows two hours of "in court" time. His time records, however, reflect only one hour of "in court" time, and that was spent on December 14, 1977, in argument before the Court of Appeals for the Ninth Circuit. If Mr. Kim is entitled to compensation for one additional hour of "in court" time in attending the Prehearing Conference on Appeal before Magistrate Thomas P. Young of Honolulu, Hawaii, Mr. Kim would be entitled to " in court" compensation totalling $60.00.
 
 
 30
 As to out of court time, Mr. Michael Kim's time records reflect thirty-nine and three-quarters such hours plus sixteen hours for travel. It is not, however, all such out of court time which is compensable. Pursuant to the Act, appointed counsel may be compensated only for time reasonably expended out of court, 18 U.S.C. § 3006A(d)(1). Of the thirty-nine and three-quarters out of court hours claimed by Mr. Kim, twelve and one-half hours represent time spent with Mr. Sandkuhler, an attorney who had no official position in the case. The Special Master submits that of the out of court time claimed by Mr. Kim, twenty-seven and one-quarter hours represented time reasonably spent out of court pursuant to the Act. At the maximum rate of compensation, Mr. Kim would be entitled to $555.00 for time reasonably spent out of court, plus $320.00 for his travel time to and from the court of appeals, plus $265.10 for air fare.
 
 
 31
 Adding Mr. Kim's $60.00 of "in court" compensation to the above, Mr. Kim should be entitled to receive $935.00 for his services and $265.10 for his costs.
 
 
 32
 Mr. Michael Kim, however, also represented Joseph H. Kawamoto, as retained counsel, at both the trial and appellate level. When Mr. Kim claimed $4,330.00 for extended representation of Mr. Nakamura in the district court, his affidavit in support of his request said nothing about the approximately $3,500.00 that he had received, or expected to receive, from his retained client, Mr. Kawamoto.
 
 
 33
 When he was asked to approve Mr. Michael Kim's claim for extended representation, the Chief Judge of the Court of Appeals for the Ninth Circuit was not made aware of the fact that an additional $3,500.00 was to be coming to Mr. Kim from Mr. Kawamoto. Also, neither the said Chief Judge nor the appellate panel herein had been made aware of the fact, until now, that Mr. Kim has also billed Mr. Kawamoto $2,500.00 for services on his behalf in the consolidated appeal.
 
 
 34
 Had the district court judge or the Chief Judge of the Court of Appeals for the Ninth Circuit known of the Kawamoto funds having been paid, either court could have applied the ruling in United States v. James, 301 F.Supp. 107 (W.D.Tex.,1969). In that case, certain attorneys represented more than one defendant in the case. On behalf of one defendant an attorney was appointed under the Act, on behalf of another defendant the same attorney appeared as retained counsel. In James, the court held that the proper way to compensate such an attorney under the Criminal Justice Act would be to pay that attorney under the Act for all time in court, time in general preparation and general expenses, plus time and expenses peculiar to the defendant financially unable to obtain his own attorney; less any amount that the paying client actually paid the same attorney. Applying this approach to Mr. Kim's initial voucher herein, No. 431149, the Chief Judge of the Court of Appeals for the Ninth Circuit could have accepted Mr. Kim's request for $4,330.00 and subtracted therefrom the $3,500.00 paid by Mr. Kawamoto, leaving Mr. Kim an additional $830.00 compensation under the Criminal Justice Act. Mr. Kim, therefore, should have been awarded $830.00, not $4,330.00, as a result of his claim in the district court under voucher No. 431149.
 
 
 35
 Applying the holding of James to the instant case, it would appear that Mr. Michael T. I. Kim has already been overpaid under the Criminal Justice Act. The amount of his overpayment is an amount greater than the amount for which he would be reasonably compensated herein: $935.00 for services and $265.10 for costs.
 
 
 36
 The Special Master recommends that the Chief Judge of the Court of Appeals for the Ninth Circuit and the appellate panel herein, after their independent review of the record, enter an order denying compensation in any amount to Michael T. I. Kim, Esquire, pursuant to voucher No. 78540.
 
 
 37
 DATED at Tucson, Arizona, this 22 day of May, 1978.
 
 
 38
 /s/ Raymond T. Terlizzi
 
 
 39
 /s/ SPECIAL MASTER