**UNITED STATES of America,**

v.

**John NAPLES.**

**UNITED STATES of America,**

v.

**George W. BENNETT.**

**Crim. Nos. 91-59, 1005-65.**

United States District Court
District of Columbia.

March 28, 1967.

See also D.C., 255 F.Supp. 888.

BAZELON, Chief Judge, District of Columbia Circuit.

Before me are applications for excess compensation requiring my approval under the Criminal Justice Act, 18 U.S.C. § 3006A(d). Although I agree with the District Court that each of these attorneys rendered highly competent and valuable services, I am constrained to return these applications without my approval.

I

Two of the applications list 400 and 450 hours respectively as "out of court" time without specifying how the time was spent. Although I entertain

no doubt that such time was expended on the case, I cannot properly discharge my responsibilities under the Act on the basis of this scant data. See People v. Perry, 278 N.Y.S.2d 323 (App.Div.1967) (Botein and Bedlock, JJ.).[1]

## II

█ Two of the applications seek compensation for services rendered by attorneys other than the one appointed by the District Court. The application in *Bennett* shows that a large portion of the work was performed by other members of appointed counsel's firm. In *Naples*, an application was filed on behalf of the law firm itself and there is nothing to indicate how much time appointed counsel himself devoted to the case.

I solicited the view of the Judicial Conference Committee to Implement the Criminal Justice Act as to whether appointed counsel could properly claim compensation for work done by his associates and received the following report:

> The Committee was unanimously of the view that appointed counsel alone can file a claim and can file a claim only in his own behalf. The view was expressed that undoubtedly in a busy law office appointed counsel may call upon juniors in his firm for assistance but that the Act does not provide for payment of services to anyone other than those appointed by the court pursuant to the Criminal Justice Act.

I agree with the Committee. The Act permits compensation only for "an attorney appointed pursuant to this section, or a bar association or legal aid agency which made an attorney available for appointment." 18 U.S.C. § 3006A (d).

█ I am returning each of the applications without my approval, but without prejudice to the filing of amended applications reflecting only the time and services rendered by the "attorney appointed pursuant to this section." If such amended applications are filed, counsel should attach a statement explaining the nature and purpose of the services rendered. Although the statement need not be overly detailed, it should set forth sufficient data to enable me to conclude that the services were "reasonably expended out of court." I will not require that the statement be in affidavit form, but otherwise it should be in substantial conformity with People v. Perry, supra.

---

1. "Since * * * the time reasonably spent should be the preponderating consideration in reviewing an allowance because of 'extraordinary circumstances,' the Presiding Justice should not be called upon to approve any such allowance solely upon the basis of forms which show hours spent only. Whenever an assigned attorney seeks compensation in excess of the statutory limits * * *, a detailed affidavit should be submitted which shows not only the time spent in hours but also the nature of the crime charged, the disposition of the case, the manner in which the time was spent, the necessity therefor and any other facts which tend to demonstrate 'extraordinary circumstances.' Only then can the Presiding Justice properly perform the duty imposed upon him under the statute to review such allowances." People v. Perry, supra, 278 N.Y.S.2d at 331 (App.Div., 1967).