UNITED STATES of America,
Plaintiff-Appellee,

v.

Stanley DURKA, Defendant-Appellant.

No. 73-1553.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1973.

Decided Dec. 28, 1973.

Stanley Durka, pro se.

James R. Thompson, U. S. Atty., William T. Huyck, Martin B. Lowery, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KILEY, Circuit Judge, and POOS, Senior District Judge.*

PER CURIAM.

Defendant and eighteen other persons were indicted on February 19, 1972 for violations of 18 U.S.C. §§ 1341, 1343, 2314 and 371. At his arraignment the defendant requested and received court-

* Senior District Judge Omer Poos of the Southern District of Illinois is sitting by designation.

appointed counsel to represent him. The case proceeded to trial culminating in a jury verdict of acquittal of the defendant on January 15, 1973. Approximately three months after the defendant's acquittal the district court entered an order, on April 9, 1973, directing the defendant to pay $3,250 in reimbursement for the services rendered and expenses incurred by his court-appointed counsel during the course of defendant's case. The district court's order provided that:

If [defendant] fails to pay that sum on or before April 30, 1973 . . . the United States Attorney is directed to institute contempt proceedings against him.

The defendant's challenge to the district court's order raises two issues in this appeal: (1) whether a federal district court can order an acquitted defendant to pay part of the costs of such defendant's defense by court-appointed counsel, where such order is entered almost three months following return of verdict and discharge of the defendant; and (2) whether such an order may be entered without affording defendant a hearing and an opportunity to be heard.

■ ■ Addressing ourselves to the first issue, we hold that the district court possessed jurisdiction to enter an order affecting the defendant's property rights despite the passage of three months from the rendition of judgment and defendant's discharge. *See* Wayman v. Southard, 23 U.S. (10 Wheat.) 1, 23, 6 L.Ed. 253 (1825); Field v. United States, 193 F.2d 86, 90 (2d Cir. 1951). Having determined that the district court had jurisdiction to enter an order of payment, we further rule that 18 U.S.C. § 3006A vests in the district court broad authority to issue such an order. Subsections (c), (d), and (f) of 18 U.S.C. § 3006A provide:

(c) . . . If at any time after the appointment of counsel . . . the court finds that the person is financially able to obtain counsel or to make partial payment for

the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate. . . . [T]he court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.

(d) . . . The court shall fix the compensation and reimbursement to be paid to the attorney or to the bar association or legal aid. agency or community defender organization which provided the appointed attorney. . . .

(f) . . . Whenever . . . the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. . . .

It is not an abuse of authority if within a reasonable time after judgment the district court directs a defendant found financially able to obtain counsel or to make partial payment to pay for services rendered or expenses incurred by appointed counsel. In view of the complexity of the criminal case with its multiple defendants, it cannot be said that three months was an unreasonable time within which to ascertain the expenses of defendant's representation and to order reimbursement. Accordingly, we hold that the district court had jurisdiction to enter an order of payment and that the court's authority to order pay-

ment was exercised within a reasonable time after judgment of acquittal.

■■ Defendant next contends that the failure to provide him a hearing on the matter of reimbursement prior to the entry of the order of payment was a violation of due process. We do not agree. The fixing of compensation and reimbursement pursuant to 18 U.S.C. § 3006A(d) is a matter within the exclusive discretion of the district court and is not such an event that requires the procedural safeguards of an adversary hearing. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We are aware that defendant was denied the opportunity to assert his claimed defenses to payment prior to the district court's issuance of the order of payment. Nor do we dispute defend-

ant's contention that the defenses— namely, (1) that he received no services from his court appointed counsel; (2) that the amount fixed for services rendered and expenses incurred was excessive; and (3) that he is financially unable to meet the court's payment order —are relevant to a determination of reimbursement. We find, however, that if the defendant refuses to comply with the district court's order and contempt proceedings are recommended in accordance with local Rule 18(a) of the District Court for the Northern District of Illinois, the defendant will be entitled to a hearing pursuant to local Rule 18(b) at which time he may assert his defenses to payment.[1]

The order of the district court is affirmed.

---

1. Local Rule 18(b) provides:

If the alleged contemnor puts in issue his alleged misconduct or the damages thereby occasioned, he shall upon demand therefor, be entitled to have oral evidence taken thereon, either before the court or before a master appointed by the court. When by law such alleged contemnor is entitled to a trial by jury, he shall make written demand therefor on or before the return day or adjourned day of the application; otherwise he will be deemed to have waived a trial by jury.