**UNITED STATES of America,
Appellant,**

v.

**Ivan Nikonorovich ROGALSKY.**

No. 78–1098.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) April 11, 1978.

Decided April 27, 1978.

Robert J. Del Tufo, U. S. Atty., William Braniff, and Maryanne T. Desmond, Asst. U. S. Attys., Newark, N. J., for appellant.

John F. McMahon, Thomas S. Higgins, Federal Public Defender Association, Newark, N. J., for appellee.

Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal by the Government from an order of the district court directing the United States Attorney to submit for payment by the Department of Justice certain bills for psychiatric examinations and witness fees.

Ivan Rogalsky was indicted for espionage on behalf of the Soviet Union. The Federal Public Defender appeared for him and entered a not guilty plea. On February 10, 1977, the Defender obtained an ex parte order from the district court authorizing the retention of a psychiatrist (Dr. Nir) to provide an examination which was said to be "necessary for preparation of the defense." The order was sealed pending the disposition of the case. Thereafter, Dr. Nir examined the defendant on two occasions.

On March 4, 1977, the Defender sent a letter to the United States Attorney's Office, pursuant to Fed.R.Crim.P. 12.2, notifying the Government that defendant would rely in part on the defense of insanity.

On March 8, 1977, at a court hearing, the Government said that because an insanity defense had been asserted a competency examination would be required prior to trial. On April 1, 1977, the Defender advised the Government's counsel by letter that he was "in the process of assisting the defense psychiatrist in preparing his report."

Thereafter, pursuant to 18 U.S.C. § 4244 (1976), the Defender moved for a competency hearing, which motion was supported in part by the report of the retained defense psychiatrist. Still later, with the consent of the parties, the court entered an order dated April 20, 1977, pursuant to 18 U.S.C. § 4244 (1976), directing that the defendant be examined by a designated doctor (Hacken) who was to report his findings to the court. That report was later filed with the court and the parties received copies.

On April 26, 1977, the Defender obtained an ex parte order directing that the defendant be examined by still another psychiatrist (Kuvin) for the "purpose of determining competency to stand trial." This order did not direct that the results of the examination were to be shared with the Government or the court. Indeed, Dr. Kuvin's report was submitted after he testified on behalf of the defendant at the competency hearing. As a result of the competency hearing, Rogalsky was found not competent to stand trial.

On May 2, 1977, the Defender sent a letter to the United States Attorney's Office asking that the Department of Justice pay the entire examination fee as well as the witness fee of the psychiatrist (Kuvin) who was retained by the defense with court authorization for the purpose of determining competency to stand trial, and who testified at the competency hearing. The Defender's letter also asked that the Government pay part of the examination fee of the first psychiatrist (Nir) who was employed to aid in the preparation of the defense, but did not testify at the competency hearing.

The Defender's requests were rejected by the Government. The Defender thereon filed a motion with the district court requesting an order directing that the United States Attorney submit the bills to the Department of Justice for payment. The Government opposed the motion on the ground that it was required to pay only for appointments made under 18 U.S.C. § 4244 (1976), and not for psychiatrists retained to assist the defense.

The court granted the Defender's motion as to Dr. Nir's bill for his examination because, as it said, the court in part had based its finding of incompetency on his report. It directed payment of Dr. Kuvin's bill for his examination and court appearance for the reason that he was retained by the Public Defender in connection with the court's determination of the defendant's competency to stand trial. The Government appeals.

Although no question of appealability is raised, we think this order is appeala-ble as a final judgment under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). 28 U.S.C. § 1291 (1970).

This appeal presents a question of law: was the district court legally justified in assessing against the Department of Justice any part of the bills of psychiatrists retained by the defense pursuant to court authorization.

The two doctors for whose services the Defender seeks payment from the Government were authorized by the court under 18 U.S.C. § 3006A(e)(1) (1976), the Criminal Justice Act, which is part of the statute providing for representation of indigent defendants. Subsection (e)(1) provides:

(1) Upon request.—Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

How are the examination and witness fees of experts appointed under the quoted subsection to be paid? In our view the answer is found in the provisions of § 3006A itself. Under § 3006A(a), the services provided by the Defender must include such "expert" services as are "necessary for an adequate defense." And under § 3006A(h)(2)(A), the Defender must submit a budget for services it must provide. We think this statutory scheme contemplates that the examination and witness fees of experts retained by a public defender pursuant to authority granted under § 3006A(e)(1) are to be paid from the defender's budget unless 18 U.S.C. § 4244 (1976) comes into play.

Section 4244 provides in pertinent part:

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto.

■ Dr. Hacken was appointed pursuant to this statute and his fee is not in issue here. But the Government insists that the statute does not apply to authorizations made for the use of the defense rather than the court, even though the purpose of the examination authorized by the court is to aid in determining competency to stand trial. We agree. The physicians authorized by the court in accordance with § 3006A(e) were not directed to file their reports with the court, and indeed, did not do so prior to the hearings. In short, the psychiatric services were not rendered by an officer of the court, *United States v. Pogany*, 465 F.2d 72, 78 (3d Cir. 1972), and thus are not compensable on that basis.

We believe that our holding is consistent with the decision of the Comptroller General on this issue. 50 Comp.Gen. 128, B-139703 (August 25, 1970). In response to a request from the Department of Justice, the Comptroller General there gave his opinion on the proper allocation of financial responsibility between the Administrative Office of the Courts and the Department of Justice for psychiatric examinations of indigent defendants conducted by physicians appointed by the court pursuant to 18 U.S.C. § 4244 (1976) as opposed to examinations conducted by physicians authorized under 18 U.S.C. § 3006A(e). The Comptroller General decided, insofar as is here pertinent, that examinations conducted by physicians appointed by the court under § 4244 were the financial responsibility of the Department of Justice. 50 Comp.Gen. at 130–32. He expressed no opinion on whether psychiatric examinations held to determine competency to stand trial, *but not* conducted by a physician appointed by the court pursuant to § 4244, were the financial responsibility of the Department of Justice.

The Defender places reliance on two internal Department of Justice memoranda that advised United States Attorneys how to implement this decision of the Comptroller General. Though these memoranda are ambiguous in parts, they do not address the issue that we confront in this appeal, i. e., who must bear the costs of psychiatric examinations of indigent defendants conducted to determine competency to stand trial, but not made by physicians appointed by the court pursuant to § 4244. Thus, like the decision of the Comptroller General discussed above that these memoranda purport to implement, the memoranda in question are not inconsistent with our decision in this case.

■ The district court ordered the Justice Department to pay part of the examination fee of Dr. Nir, who was employed by the Defender pursuant to the authorization granted by the order of February 10, 1977. That order reads only that such services were needed in the "preparation of the de-

fense." Thus, it is not clear whether these services were intended to assist in the establishment of a defense of insanity at the time of the offense, or in determining competency to stand trial, or both. Certainly it cannot be interpreted to be an appointment under § 4244 because the requirements of that section were not met in the order.

Thus, we are satisfied that Dr. Nir's examination fee was not in any part the obligation of the Department of Justice.

■ The district court ordered the Justice Department to pay the entire examination fee of Dr. Kuvin who was employed by the Defender pursuant to court authority for the "purpose of determining competency to stand trial."

Once again, the retention of Dr. Kuvin could not have been pursuant to the terms of § 4244 because the court did not make the appointment and the appointee was not directed to report to the court. He was in truth a defense witness even though his services were rendered in connection with the subject matter of § 4244. See *United States v. Pogany, supra.* We therefore conclude that since Dr. Kuvin was not an appointee under § 4244, the Department of Justice is not obligated to pay his examination fee.

The district court also ordered the Department of Justice to pay that part of Dr. Kuvin's bill attributable to his "court appearance." Since we have decided that Dr. Kuvin was not appointed by the court in accordance with § 4244, but was in fact a witness for the defense, we must also hold that his witness fee—like his examination fee—is not chargeable to the Department of Justice. That fee is the responsibility of the Public Defender under the Criminal Justice Act. We note that our view on this issue is consistent with that of the Comptroller General. 50 Comp.Gen. at 132–34.

That portion of the order of the district court directing that the United States Attorney submit for payment by the Department of Justice part of the bill of Dr. Nir and the full bill of Dr. Kuvin will be reversed.