**Frances SMALDONE, Plaintiff,**

v.

**Jerome KURTZ, Commissioner of Internal Revenue Service, et al., Defendants.**

**Civ. A. No. 77–1492.**

United States District Court, District of Columbia.

May 23, 1978.

Issac N. Groner and Walter Fleischer, Cole & Groner, P. C., Washington, D. C., for plaintiff.

Robert Gordon, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

SIRICA, District Judge.

The dispositive issue in this case, a taxpayer suit to enjoin and declare unlawful tax collection efforts by the Internal Revenue Service, is whether equitable jurisdiction exists to entertain plaintiff's claims as is required by the *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) and *Commissioner v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976), *affirming* 162 U.S.App. D.C. 391, 499 F.2d 527 (1974), exception to the statutory barriers, 26 U.S.C. § 7421(a), 28 U.S.C. §§ 2201–02, to injunctive and declaratory relief. In particular, the question is whether the equity half of the *Enochs* and *Shapiro* test is met in circumstances which show that the taxpayer declined to pursue available legal remedies for a period of years before enlisting the aid of a court of equity. A proper regard for the purposes and exceedingly narrow scope of the *Enochs-Shapiro* exception convinces the Court that equitable jurisdiction does not attach where accrued legal remedies are inexcusably bypassed.

The guiding principles of law are straightforward and are adequately discussed in the Memorandum issued earlier in this case, see *Smaldone v. Commissioner*, 77 F.R.D. 718 (1978). Suffice it to say here that suits brought to interfere with the collection of taxes are specifically prohibited by statute, 26 U.S.C. § 7421(a), 28 U.S.C. §§ 2201–02. Only in exceptional circumstances are actions aimed at interfering with tax collection permitted to proceed to

final resolution. *Shapiro, supra; Enochs, supra.* To present a case of exceptional circumstances, the record must indicate that equitable considerations justify relief and, in addition, that even "under the most liberal view of the law and facts, the United States cannot establish its claims." *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129.

◼ Regarding the equity prong of this test, success in maintaining a suit to halt tax collection depends on whether the developed record reveals the traditional elements of equity jurisdiction, meaning a remedy at law made inadequate through the existence of immediate and irreparable injury, the absence of laches, of unclean hands and of any other equitable bar to relief. What is more, in light of the obvious and compelling policies behind the statutory proscription against interference suits, success depends on a clear showing that equitable considerations warrant judicial intervention.

The principal focus of defendants' line of defense in this action is on facts that indicate plaintiff's years-long delay in bringing to court her challenge to the assessments made against her by the Internal Revenue Service. Defendants point to these salient facts. The Internal Revenue Service made jeopardy assessments against plaintiff in the total amount of $814,244.91 on January 30, 1974. The grounds for these assessments were taxes due on wagering, 26 U.S.C. § 4401, and wagering occupational taxes, 26 U.S.C. § 4411. But plaintiff waited nearly a year before petitioning the Service for a refund. Six months then passed without action on plaintiff's claims for adjustment. This fact enabled plaintiff to pursue her legal remedies by filing a refund suit to litigate the validity of the assessments. But plaintiff chose not to take that course of action. Instead, she filed this lawsuit for injunctive and declaratory relief over two years after her right to sue for a refund had accrued.

Defendants argue that by forsaking available legal remedies, plaintiff is barred from seeking the aid of a court of equity to litigate questions of tax liability that could

have been aired in an earlier refund action. The essence of this argument is that plaintiff should not be permitted to make a case of exceptional circumstances out of cumulatively harmful consequences that are directly traceable to her decision to forego long-available refund litigation. A case of exceptional circumstances arises only when legal remedies prove to be inadequate *even if they are expeditiously pursued.*

◼ Defendants' point is well taken. The idea that bypassing legal avenues of redress constitutes a disqualifying factor is no stranger to this area of the law. Indeed, as the Supreme Court recognized in *Shapiro,* "If [it appears] that the absence of a remedy at law at this time is due to [plaintiff's] failure to pursue that remedy, then equity will not intervene and the complaint should be dismissed." *Shapiro, supra,* 424 U.S. at 634, n.15, 96 S.Ct. at 1074. Only when "it has been impossible—despite the [plaintiff's] best efforts—to obtain a decision" at law should plaintiff be permitted to overcome the anti-injunction bar and pursue the drastic alternative of equitable relief. *Id.*

◼ In the case now before the Court, plaintiff has not shown any practical impediment that excuses her failure to pursue available legal remedies. Plaintiff explains that her failure to bring a refund suit was born of the fact that at the time she could not bear the strain of refund litigation. But strain is always a byproduct of bringing a lawsuit against taxing authorities and it is not readily apparent that refund litigation is so much more stressful than interference suits that the statutory proscription against injunctive actions should be cast aside simply because of the degree of strain involved. At most, plaintiff has offered an explanation concerning why she has favored equitable remedies over legal ones. But she has not offered a legal excuse for proceeding as she has.

◼ Nor can plaintiff justify forsaking her legal avenues of relief on the grounds that the Internal Revenue Service never responded to her administrative refund pe-

tition. Far from constituting an obstacle to pursuing a refund action, delay on the part of the Service is the very thing that entitles a taxpayer to take a quarrel over tax liability to court. Under 26 U.S.C. §§ 6532(a)(1) & 7422(a), a taxpayer is authorized to bring a refund action after six months have elapsed from the filing of a refund claim if the IRS has failed to reach a final administrative decision. Plaintiff in this case has been at liberty to pursue her legal remedies since June 17, 1975.

■ Finally, plaintiff endeavors to account for her choice of forum by pointing out that her claims in the suit at bar raise important constitutional questions concerning the procedures that the IRS may lawfully use in assessing tax liabilities. But *Shapiro* also involved substantial constitutional claims and in that case neither the Court of Appeals for this Circuit nor the Supreme Court measured jurisdiction in terms of the nature of the claims asserted. As the Court of Appeals noted, an "alleged failure by the IRS to adhere to [due process standards] might well be sufficient basis for an injunction against the levies, *assuming the presence of the other essentials of equitable jurisdiction.*" *Shapiro, supra,* 162 U.S. App.D.C. at 396, 499 F.2d at 532 n.12 (emphasis supplied). And as the Supreme Court made clear, even plaintiff's constitutional claims "should be dismissed . . . [i]f, on remand, the District Court concludes that *the absence of a remedy at law at this time is due to [plaintiff's] failure to pursue that remedy.*" *Shapiro, supra,* 424 U.S. at 634 n.15, 96 S.Ct. at 1074 (emphasis supplied). Contrary to plaintiff's argument, *Shapiro* stands firm for the principle that the elements of equity jurisdiction are indispensable preconditions to the bringing of interference suits regardless of the character of the claims asserted.

■ In summary, none of the grounds put forward by plaintiff in this case rises to the high level of exigency needed to make out a case of exceptional circumstances warranting equitable intervention. Indeed, even a most sympathetic appraisal of plaintiff's asserted justifications fails to disclose

the kind of compelling basis necessary to overcome the anti-injunction bar contained in 26 U.S.C. § 7421(a) and 28 U.S.C. §§ 2201–02. Defendants' motion to dismiss must therefore be granted.

An Order in accordance with the foregoing will be issued of even date herewith.