UNITED STATES of America,
Plaintiff-Appellee,

v.

Nicholas D'ANDREA, Jack Ware and
Nelson Harris,
Defendants-Appellants.

Nos. 77–1063, 77–1073 and 77–1087.

United States Court of Appeals,
Seventh Circuit.

Jan. 7, 1980.

Stephen C. Bower, Kentland, Ind., for D'Andrea.

James A. Greco, Gary, Ind., for Ware.

Charles A. Bellows, Chicago, Ill., for Harris.

Carmen M. Piasecki, Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellee.

SUPPLEMENTAL OPINION ON PETITIONS FOR REHEARING ON AWARD OF ATTORNEYS FEES *

Before SWYGERT, BAUER, Circuit Judges, and McMILLEN, District Judge.**

BAUER, Circuit Judge.

Two court-appointed counsel in this appeal have filed petitions requesting rehearing en banc on the disallowance of a portion of their claimed compensation and expenses incurred in their respective representations of two appellants in these consolidated appeals. For the reasons indicated herein, we conclude that the Court does not have jurisdiction to entertain one of these petitions for en banc review, and that the certification which is the subject of the second petition for en banc review is adequate in amount so that reconsideration is inappropriate.

The payment of claims for compensation for services rendered and expenses incurred by court-appointed counsel is governed by the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A. In general, subsection (d)(2) limits compensation to specified maximum amounts (e.g., $1,000 where felonies are charged). However, payments in excess of these limitations may be made for extended or complex representation "whenever the court in which the representation was rendered . . . certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(d)(3).

Court-appointed counsel for appellant D'Andrea requested compensation and reimbursement for representation in this Court of $6859.23, but only $3710.23 was certified by a circuit judge acting for the Court. Since the amount of compensation was in excess of the statutory limitation, it could not be paid unless approved by the chief judge of the circuit. The chief judge only approved $2210.23. Court-appointed counsel for appellant Ware submitted a voucher for $7142.73. An amount in excess of the statutory maximum, $2213.70, was certified by a circuit judge acting for the Court, and payment of that amount was approved by the chief judge. The issue now presented concerns the jurisdiction of the Court to consider petitions for en banc review of these monetary awards.

The Criminal Justice Act is silent on the availability of judicial review of Court decisions allowing less compensation or reimbursement than the amount requested or of the decision by the chief judge of the circuit denying approval of the full amount certified by the court in which the representation was rendered.[1] We note that there are presently pending several appeals from allowances by a district court of amounts less than requested. We leave any question of jurisdiction of those appeals to a later date.

■ Where a circuit judge, acting for this Court, has allowed or certified compensation or reimbursement less than requested, we conclude that a petition for rehearing, with or without an en banc suggestion, is appropriate.

■ Similarly, when the chief judge of the circuit has approved compensation or reimbursement less than that amount certified by the court in which the representa-

---

* This opinion on the petitions for rehearing has been distributed to and approved by each active member of the Court. Chief Judge Fairchild is in agreement with the opinion but did not participate in the vote to approve it.

** The Honorable Thomas R. McMillen, United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

1. Title 28 U.S.C. § 46 states that "Cases and controversies shall be heard and determined by a court or panel of not more than three judges, unless a hearing or rehearing before the court in banc is ordered by a majority of the circuit judges of the circuit who are in regular active service."

tion was rendered, counsel may request reconsideration by motion. However, this motion is addressed solely to the chief judge. Upon disposition of the request for the chief judge to review his decision, further review of the chief judge's decision is not available from this Court and any counsel's further remedy lies in a mandamus action in the United States Supreme Court.

There is no case on point and there is little case law which directly supports our conclusion that review of the chief judge's decision is available only by filing a petition for a writ of mandamus in the Supreme Court. Some support, however, is found in analogous case law addressing the role of the chief judge of the circuit in the designation of three-judge courts pursuant to 28 U.S.C. § 2284 (1965). Section 2284(a) contemplated that when a request for a three-judge panel was submitted to a district judge that judge must determine whether it was appropriate to convene the three-judge court before he notified the chief judge of the circuit. Two chief judges adopted the view that upon receipt of a request to convene a three-judge court the chief judge had the duty to make an independent determination whether a three-judge panel was indeed appropriate. Further, these chief judges concluded that their respective decisions to constitute a three-judge panel were reviewable only by means of a mandamus to the Supreme Court. *Hobson v. Hansen,* 256 F.Supp. 18, 19 n.2 (D.C.1966); *Kirk v. Board of Education,* 236 F.Supp. 1020 (E.D. Pa.1964); *Miller v. Smith,* 236 F.Supp. 927,

931, 934 (E.D.Pa.), *leave to file a petition for mandamus refused,* 382 U.S. 805, 86 S.Ct. 92, 15 L.Ed.2d 113 (1965).[2]

Recent revisions in the three-judge court statutes have greatly reduced the number of occasions on which they can be convened. Of sufficient importance to the present discussion, however, is the conclusion that if a statute imposes a specific duty upon the chief judge of a circuit there is no remedy for review of his decision as such other than an application to the Supreme Court for mandamus. Under the language of the statute under consideration, the duty of considering approval of payment in excess of the statutory maximum limitation is imposed on the chief judge. 18 U.S.C. § 3006A(d)(3). We cannot conclude that this duty is solely ministerial and therefore conclude that review of the decision of the chief judge to authorize reimbursement in excess of the statutory maximum can be accomplished only by way of mandamus by the Supreme Court.[3] Accordingly, this Court does not have jurisdiction to review the action of the chief judge in approving only $2210.23 for counsel of D'Andrea. That petition is dismissed.

The matter of counsel for Ware stands upon a different basis. The $2213.70 approved by the chief judge was the amount certified by this Court. Unless the Court certified a greater amount, the chief judge had no power to approve a larger payment, and conceivably might have done or might do so if the amount certified were increased. The Court accordingly does have

---

**2.** The Chief Judge of the Fifth Circuit had taken the contrary view that the chief judge is required to constitute a three-judge court upon receipt of a request for such a panel from a district court. Judge Brown concluded that the appropriateness of the three-judge court was "a matter best determined by the three-judge court as this enables a simultaneous appeal to the Court of Appeals and to the Supreme Court, without the delay, awkwardness, and administrative insufficiency of a proceeding by way of mandamus from either the Court of Appeals, the Supreme Court, or both, directed against the Chief Judge of the Circuit, the pre-

siding District Judge, or both." *Smith v. Ladner,* 260 F.Supp. 918, 919 (S.D.Miss.1966).

**3.** The traditional use of the writ of mandamus has been to confine a court or judicial officer to lawful exercise of its prescribed jurisdiction or to compel it to exercise its jurisdiction when it is its duty to do so. *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); *Ex parte Bradley,* 7 Wall. 364, 376, 377, 19 L.Ed. 214 (1868). Petitioners thus carry a formidable burden of persuasion. See, e. g., *Ex Parte American Steel Barrel Co.,* 230 U.S. 35, 46, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913).

jurisdiction to reconsider its certification, although if a greater amount were certified, such certification would have to be submitted to the chief judge for possible approval. The Court, however, considers its certification adequate in amount. Therefore, the petition for reconsideration is denied.