UNITED STATES of America,
Plaintiff–Appellee,

v.

James F. SMITH, Defendant.

Appeal of Mark J. ROGERS, Attorney.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jean GRISTEAU, Defendant.

Appeal of Thomas E. BUSH, Attorney.

Charles Edward BUNN, Petitioner,

v.

ATTORNEY GENERAL of the United
States et al., Respondents.

Appeal of Jona GOLDSCHMIDT,
Attorney.

Nos. 79–2160, 79–2161, 79–2244,
79–2068 and 80–1054.

United States Court of Appeals,
Seventh Circuit.

Argued June 10, 1980.

Decided Oct. 6, 1980.

Rehearing and Rehearing En Banc in
Doc. Nos. 79–2068, 79–2160, 79–2161
and 79–2244 Denied Dec. 23, 1980.

Mark J. Rogers and Thomas E. Bush,
Milwaukee, Wis., for defendant.

Jerold S. Solovy, Jenner & Block, James
F. Holderman, Sonnenschein, Carlin, Nath
& Rosenthal, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and BAUER, Circuit
Judges, and CROWLEY, District Judge.*

CROWLEY, District Judge.

Three court-appointed counsel appeal
from determinations of the district courts'
disallowing compensation in excess of the
maximum amount fixed by the Criminal
Justice Act, 18 U.S.C. § 3006A(d)(2). In
each of the cases, the district court refused
to certify that the representation was "extended or complex" and that excess fees
were "necessary to provide fair compensation." 18 U.S.C. § 3006A(d)(3).

The issue is whether those determinations
are orders reviewable in this Court. For
the reasons set forth below, we conclude
that they are not.

Mark Rogers was appointed to represent
James Farrell Smith in two felony cases
pending before different judges in the
Eastern District of Wisconsin. Rogers requested compensation of $3,901.16 in one
case and $2,263.00 in the other. Each judge
approved $1,000 plus expenses.

Thomas Bush, appointed to represent
Jean Gristeau in a felony case in the Eastern District of Wisconsin, sought fees of
$3,050.67. The district judge authorized
$1,000.00 compensation plus expenses.

The third appeal arises from representation rendered on behalf of Charles Edward
Bunn, a petitioner seeking a writ of habeas

---

* The Honorable John Powers Crowley, Northern
District of Illinois, sitting by designation.

corpus in the Southern District of Illinois. Jona Goldschmidt, his court–appointed counsel, requested compensation of $1,444.00. The district judge approved payment of $250.00.

The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes compensation for services rendered and expenses incurred by court–appointed counsel. The Act places ceilings on the amount of compensation that can be awarded. For representation in felony cases the statutory maximum is $1,000.00; for representation in other kinds of ancillary proceedings, including habeas corpus, $250.00 is the limit. 18 U.S.C. § 3006A(d)(2).

The statute also contains a provision for fee authorizations in excess of those ceilings. However, that provision only applies when the representation is "extended or complex" and the court in which the representation is rendered "certifies that the amount of the excess payment is necessary to provide fair compensation." 18 U.S.C. § 3006A(d)(3). In addition, excess payments must be approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3).

There is no provision in the Act for review of awards made within the specified limits. Similarly, the legislative history is silent on whether any review was intended.[1]

Nevertheless, the tone of the provisions fixing the limits are mandatory and the provisions governing the filing of claims vest the function of awarding compensation in the court in which representation was rendered. Thus, when counsel is appointed to prosecute an appeal, a judge in the court of appeals determines an appropriate award. When representation is provided in the district court, the judge presiding over the proceeding fixes the fees. And when representation is rendered solely before the magistrate, the magistrate makes the determination. 18 U.S.C. § 3006A(d)(4). See also H.R. Rep. No. 91–1546, 91st Cong. 2d Sess., reprinted in [1970] U.S.Code Cong. & Ad.News, 3982, 3991.

This statutory scheme clearly requires that appropriate awards of compensation are left to the discretion of the court which has had the opportunity to view the proceedings first hand. Moreover, although some compensation must be awarded appointed counsel under the Criminal Justice Act, United States ex rel. Bibbs v. Twomey, 538 F.2d 151, 154 (7th Cir. 1976), cert. denied, 429 U.S. 1102, 97 S.Ct. 1126, 51 L.Ed.2d 551 (1977), the district judge is accorded "exclusive discretion" in fixing the amount. United States v. Durka, 490 F.2d 478, 480 (7th Cir. 1973).

In United States v. D'Andrea, 612 F.2d 1386 (7th Cir. 1980), we held that when a circuit judge acting for the Court, certified compensation in less than the amount requested, a panel could review the claimed compensation in a petition for rehearing. Although not indicated in the opinion, that result is clearly consistent with the purposes of the Criminal Justice Act, because the three judges before whom the service was rendered would be jointly reviewing the action taken by a single judge. However, we also held that when the chief judge approved compensation for less than the amount certified by the court in which representation was rendered, no review was available in this Court. The attorney's remedies were limited to a motion for reconsideration addressed to the chief judge and, by dicta, to mandamus in the United States Supreme Court.

D'Andrea was premised on this Court's view of the function assigned to each body in the claims procedure of the Criminal Justice Act. Thus, requests for review of awards for each step in the procedure were

---

1. Appellants argue that two circuits have tacitly recognized the appealability of fee determinations. United States v. Turner, 584 F.2d 1389 (8th Cir. 1978) (court found no abuse of discretion with no discussion of appeal rights); United States v. Ketchem, 420 F.2d 901 (4th Cir. 1969) (sua sponte order of reimbursement of expenses with no analysis of jurisdiction).

However, we explicitly reserved the question, United States v. D'Andrea, 612 F.2d 1386 (7th Cir. 1980), and at least one other circuit has questioned appellate jurisdiction to review fee determinations. United States v. Todd, 475 F.2d 757, 759 n. 3 (5th Cir. 1973), United States v. Sullivan, 456 F.2d 1273, 1275 (5th Cir. 1972).

found to be properly addressed to the court in which the ultimate determination was made.

The Act requires counsel to submit information relevant to services rendered and expenses incurred to the district court. 18 U.S.C. § 3006A(d)(4). Only when a fee award exceeds the statutory maximum is the chief judge of the circuit required to approve it. It is, then, the district court which makes the ultimate decision as to the appropriate amount of compensation made within the maximum limit, and any review of the award is confined to that court.

Our conclusion is buttressed by the non-adversarial nature of the proceedings for filing compensation claims.[2] *See Brooks v. Laws*, 208 F.2d 18 (D.C. Cir. 1953). Normally, as was done here, the attorney presents his request to the district court in the form of a letter accompanied by a voucher or other sworn written statement enumerating the services rendered, time spent, expenses incurred and payments received from any other source. The compensation request is usually made at the close of the court proceedings when the client's rights have been adjudicated.

None of the indicia accompanying an adversary proceeding exist. The United States is not notified of the compensation request, the request is not docketed, nor, in most circumstances, is a hearing required. *See Application of L.B. & W. 4217*, 238 F.2d 163, 165 (9th Cir. 1956); *In re Jacobi*, 217 F.2d 668, 669 (D.C. Cir. 1954). In sum, in district court proceedings the fee award involves only the appointed counsel and the district judge.

It is clear from the legislative history that the purpose of the Act is to insure effective representation for those charged with a crime or confronted with the risk of being deprived of constitutional rights in ancillary proceedings. H.R. Rep. No. 91–1546, 91st Cong. 2d Sess., *reprinted in* [1970] U.S.Code Cong. & Ad.News, at 3983; CONG.REC. 13728 (1970).

However, it is also clear that Congress did not intend to provide full compensation and that it contemplated appointments of private counsel to supplement the efforts of professional defender organizations. 116 CONG.REC. 13731 (1970). Thus, although the increased maximum rates envisioned greater participation by the private bar, the Act also presupposes recognition by private attorneys of their professional obligation to render services for those unable to pay. The Criminal Justice Act is in no way an attorney's full–employment act. Congress merely intended that those attorneys who devote themselves to the time–honored tradition of service should not go entirely without compensation.

The history of the American bar is replete with instances of pro bono service by its members. That service has not been undertaken with regard to monetary enrichment, but has been motivated by the higher objective of obtaining equal justice for all, a goal which enriches and strengthens the commonweal. If our holding today discourages those who look upon the Criminal Justice Act as a profit center, so be it. We have not yet reached the day when other members of the bar will not step forward to take their place, dedicated to the principles of equal justice and competent representation for the less fortunate in our society. *See* ABA Canons of Professional Ethics, Ethical Considerations No. 2–25. *See also United States v. Thompson*, 361 F.Supp. 879, 887 (D.D.C.1973), *vacated in part, aff'd in part without opinion*, 489 F.2d 1273 (D.C. Cir. 1974).

---

2. Significantly, this case is not one in which a defendant's constitutional rights are implicated in an *ex parte* decision of the district court, *Johnson v. United States*, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957); *Roberts v. United States District Court for the Northern District of California*, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950); *United States v. Deutsch*, 599 F.2d 46 (5th Cir.), *cert. denied*, 444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194 (1979); *Unit-ed States v. Durka*, 490 F.2d 478 (7th Cir. 1973); nor is it one in which the United States, as a party in a criminal action, objects to the payment of costs, *United States v. Rogalsky*, 575 F.2d 457 (3d Cir. 1978), or becomes involved in a dispute with a third party. *United States v. Plechner*, 577 F.2d 596 (9th Cir. 1978); *United States v. Fields*, 425 F.2d 883 (3d Cir. 1970).

Because we conclude that a determination by a district court disallowing fees in excess of the maximum limit under the Criminal Justice Act is not a reviewable order, there is no jurisdiction to entertain these appeals. Therefore, the appeals are dismissed.