UNITED STATES of America

v.

**Myrtle M. LYNCH.**

No. 79-1772.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 24, 1982.

SPOTTSWOOD W. ROBINSON, III,
Chief Judge, District of Columbia Circuit:

Court-appointed appellate counsel in this case [1] submitted a voucher for compensation under the Criminal Justice Act of 1964 [2] in an amount exceeding the standard statutory maximum for representation on appeal.[3] Consistently with the practice in this circuit,[4] the voucher was referred to the judge who authored the court's opinion for consideration, and possible certification of excess payment.[5] The judge allowed counsel $1,000, the usual maximum,[6] and declined to certify the excess.

■ Counsel subsequently sought review of that action through correspondence addressed to me as chief judge of the circuit. After careful study of the Act, its legislative history and the caselaw developed thereunder, I have concluded that the appropriate reviewing body is the panel of judges who heard and disposed of the appeal. Accordingly, I am transmitting counsel's correspondence to the panel for consideration as an application for rehearing.

The Criminal Justice Act authorizes compensation in varying sums for varying types of services rendered by court-appointed counsel.[7] For those performed at the appellate level, the "maximum amount" ordinarily is $1,000.[8] The Act also provides, however, for a waiver of that ceiling in any case involving

> extended or complex representation whenever the court in which the representation was rendered, . . . certifies that

---

1. Decided with *United States v. Bruner,* 212 U.S.App.D.C. 36, 657 F.2d 1278 (1981).

2. Pub.L.No.88–455, 78 Stat. 552 (1964), as amended, 18 U.S.C. § 3006A (1976) [hereinafter cited in current form as codified].

3. See text *infra* at note 8.

4. See *United States v. Bailey,* 189 U.S.App.D.C. 206, 211 n.40, 581 F.2d 984, 989 n.40 (1978).

5. See text *infra* at note 9.

6. See text *infra* at note 8.

7. See 18 U.S.C. § 3006A(d)(1), (2) (1976).

8. *Id.* § 3006A(d)(2).

the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit.[9]

Resultantly, as chief judge I am frequently called upon to review certifications by circuit and district court judges of amounts above the normal statutory limitations.

The Act, however, does not delineate a method for review of noncertification, in whole or in part, of a request for excess compensation. The legislative history is similarly silent on this point.[10] Thorough research in the caselaw has uncovered only two decisions, both in the Seventh Circuit, speaking directly to the question.

In *United States v. D'Andrea*,[11] appellate counsel respectively appointed in two cases filed petitions in the Court of Appeals for that circuit seeking rehearing *en banc* of partial disallowances of their excess-compensation claims.[12] In each instance, both the amount certified by a circuit judge and the amount approved by the circuit's chief judge were above the $1,000 maximum, although less than what counsel had asked for.[13] *D'Andrea* declared that "where a circuit judge, acting for this court, has allowed or certified compensation less than requested, ... a petition for rehearing, with or without an *en banc* suggestion, is

appropriate."[14] Subsequently, in *United States v. Smith*,[15] the Seventh Circuit commented on *D'Andrea*, and in the process seemingly read its holding as encompassing review by the panel only, not by the full court.[16]

Panel reconsideration of the excess-compensation claim, with a view to a certification possibly differing from that propounded by the single judge, is, I think, the appropriate course. The Act specifies unambiguously that a certification for payment of excess compensation is to be made, if at all, by "the court in which the representation was rendered."[17] When an appeal is heard and disposed of by a panel of judges, as usually it is, the appellate panel is that "court,"[18] and thus the certifying authority. As a matter of practice, the claim may be referred to a single panel member who, on behalf of the panel, may process it and, absent a controversy with the claimant may complete the certification. But there is no obstacle to consideration of the claim by the full panel in the first instance, or reconsideration on request of a claimant dissatisfied with the certification contemplated by the single judge. As the Seventh Circuit has noted, panel review serves an important purpose underlying the Act, for it ensures ultimate certification by

---

9. *Id.* § 3006A(d)(3); see also Judicial Conference of the United States, Guidelines for the Administration of the Criminal Justice Act ¶ 2.22B (as amended Sept. 22, 1978); *United States v. Bailey, supra* note 4, 189 U.S.App. D.C. at 211, 581 F.2d at 989.

10. The Act originated in 1964. See Pub.L.No. 88–455, 78 Stat. 552, 553 (1964). The compensation provisions were substantially amended in 1970. See Pub.L.No.91–447, 84 Stat. 916, 917 (1970). Congress apparently did not address the instant problem on either occasion.

11. 612 F.2d 1386 (7th Cir. 1980).

12. *Id.* at 1387.

13. *Id.* In one instance the chief judge approved payment of the full amount certified, and in the other approved payment of a smaller sum. *Id.*

14. *Id.* For other reasons, both counsel ultimately failed in their bids. See *id.* at 1387–1389.

15. 633 F.2d 739 (7th Cir. 1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981).

16. "In [*D'Andrea*], we held that when a circuit judge acting for the Court, certified compensation in less than the amount requested, a panel could review the claimed compensation in a petition for rehearing." *Id.* at 740.

17. See text *supra* at note 9.

18. "Cases and controversies [in federal courts of appeals] shall be heard and determined by a court or division of not more than three judges, unless a hearing or rehearing before the court in banc is ordered...." 28 U.S.C. § 46(c) (1976). See generally *Church of Scientology v. Foley,* 205 U.S.App.D.C. 364, 365–374, 640 F.2d 1335, 1336–1345 (*en banc*) (dissenting opinion), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981).

the body before which the services were rendered.[19]

[■] This conclusion gains added strength when the alternatives to panel review are explored. *En banc* hearing of appellate proceedings is not favored,[20] and ordinarily is inappropriate save "when consideration by the full court is necessary to secure or maintain uniformity of its decisions, or ... when the proceeding involves a question of exceptional importance."[21] Since rarely if ever would an excess compensation claim qualify under *en banc* standards,[22] full-court treatment is practically out of the question.[23] Nor is review by the chief judge available. The chief judge's function is not certification of the claim, but rather approval or disapproval of payment.[24] The chief judge, as such, has no role whatsoever at the certification stage.[25]

For these reasons, counsel's request for reconsideration of his excess-compensation request will be transmitted to the panel for consideration as an application for rehearing.

---

19. *United States v. Smith, supra* note 15, 633 F.2d at 740; see 110 Cong.Rec. 449 (1964) (remarks of Representative Celler). Because the Act as approved by the Conference Committee and adopted by Congress reflected predominantly the House bill, debate on that bill is entitled to "special significance ... as an expression of the purpose the new statute was intended to serve." *United States v. Bailey, supra* note 4, 189 U.S.App.D.C. at 210 n.30, 581 F.2d at 988 n.30, citing *Steiner v. Mitchell,* 350 U.S. 247, 254, 76 S.Ct. 330, 334–335, 100 L.Ed. 267, 273 (1956).

20. Fed.R.App.P. 35(a).

21. *Id.*

22. Fed.R.App.P. 35(a) does not establish a blanket policy barring *en banc* review in the absence of the two factors delineated. *En banc* consideration may be appropriate in an extremely unusual case in order to cure a gross injustice. See *Church of Scientology v. Foley,*

*supra* note 18, 205 U.S.App.D.C. at 370 n.46, 640 F.2d at 1341 n.46 (dissenting opinion).

23. See *id.* at 371, 640 F.2d at 1342 (dissenting opinion); *Gilliard v. Oswald,* 557 F.2d 359 (2d Cir. 1977) (statement of Kaufman, C. J.); *Galella v. Onassis,* 487 F.2d 986, 1004 (2d Cir..1973); *Eisen v. Carlisle & Jacquelin,* 479 F.2d 1005, 1021–1022 (2d Cir. 1973) (dissenting opinion); *Boraas v. Village of Belle Terre,* 476 F.2d 806, 829 (2d Cir. 1973) (statement of Mansfield, J.), *rev'd,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *Walters v. Moore-McCormack Lines, Inc.,* 312 F.2d 893, 894 (2d Cir. 1963) (statement of Lumbard, C. J.); *United States v. Rosciano,* 499 F.2d 173, 174 (7th Cir. 1974) (*en banc*).

24. *United States v. Johnson,* Crim.No.80–248 (D.D.C. July ——, 1982) at 5.

