Melvin MARSHALL, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 81–844.

District of Columbia Court of Appeals.

Argued May 20, 1982.

Decided Dec. 16, 1982 *.

Melvin A. Marshall, Takoma Park, Md., pro se.

Steven H. Leventhal, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and FERREN, Associate Judges.

NEBEKER, Associate Judge:

In a suit for damages and injunctive relief, appellant, a member of the District of Columbia Bar, unsuccessfully challenged a reduction of compensation for services rendered under the Criminal Justice Act (hereinafter CJA), D.C.Code § 11–2601, et seq. (1981). Appellant challenges the propriety of the trial court's grant of appellee's motion to dismiss for failure to state a claim.[1] Super.Ct.Civ.R. 12(b)(6). We affirm.

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. Appellant's Motion to Publish was granted by the court.

1. Appellant, as a corollary to this argument, contends that the voucher form which Criminal Justice Act attorneys must complete to obtain reimbursement is unreasonably burdensome and violates the attorney-client privilege. This claim is without merit. Detailed information

## I

■ The gravamen of appellant's case, as accurately as we are able to discern from his complaint, is a general challenge to any reduction in compensation by which D.C. Superior Court judges authorize payment to attorneys under the CJA. Payment procedures under the CJA require counsel to submit for approval a voucher detailing their claims for representation of any defendant to designated judges of the District of Columbia Superior Court. The judges have the discretion to approve less than the requested amount of payment. *Thompson v. District of Columbia,* 407 A.2d 678, 682 (D.C.1979). The decision must be made with a view to the particular case and the availability of appropriated funds.

Appellant argued that certain payments owed to him under the CJA were wrongfully and arbitrarily reduced without providing "prior or subsequent opportunity to be heard, and without any right to appeal." As relief, plaintiff requested, *inter alia,*[2] a temporary restraining order prohibiting any judge of the Superior Court from cutting an attorney's claim under the CJA without a prior on the record hearing and an opportunity to appeal. No class action relief was available as it was not properly sought.

Appellant moved for summary judgment while appellee filed a motion to dismiss for failure to state a claim. Super.Ct.Civ.R. 12(b)(6).[3] The trial court dismissed appellant's complaint on the grounds that appellant's allegations were insufficient to put the District of Columbia on notice of what it was to defend against in this action. The court further concluded that even if appellant's complaint survived scrutiny under a Rule 12(b)(6) motion, he still would not prevail on his motion for summary judgment since he fell short of establishing a factual predicate sufficient to entitle plaintiff to injunctive relief. *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). We find no error.

## II

■ We note that it is axiomatic that equity has no jurisdiction over a controversy for which there is a complete and adequate remedy at law. *Chavin v. H.H. Rosin & Co.,* 246 A.2d 921, 922 (Del.1968). Further, "[i]f it appears that the absence of a remedy at law is due to plaintiff's failure to pursue that remedy, then equity will not intervene and the complaint should be dismissed." *Smaldone v. Kurtz,* 450 F.Supp. 1138, 1140 (D.D.C.1980); *Commissioner v. Shapiro,* 424 U.S. 614, 634 n. 15, 96 S.Ct. 1062, 1074 n. 15, 47 L.Ed.2d 278 (1976).

about the activities of a court-appointed attorney on a particular case is necessary for a meaningful review of the payment voucher. *See United States v. Naples,* 266 F.Supp. 608, 609 n. 1 (D.D.C.1967). Any possible breach of legal ethics in completing the voucher in a particular situation can be taken up with the court on an individual case basis. This has not been attempted by appellant so far as the record reveals.

2. Plaintiff's full prayer for relief read as follows:

Wherefore, plaintiff prays for an accounting and payment of all funds due to him before being cut by the arbitrary action of a judge, for a temporary restraining order prohibiting any judge of the Superior Court from cutting an attorney's claim under the Criminal Justice Act without a prior on the record hearing, with an opportunity to appeal, for a permenate [sic] injunction prohibiting the District of Columbia from conditioning pay-

ment of claims under the Criminal Justice Act upon disclosure of the amounts of time spent doing precise tasks that is requiring the Superior Court to adopt a form substantially similar to the form used by the United States District Court, and requiring payment upon submitted forms within three weeks of submission and for such other legal and equitable relief as to which plaintiff might be entitled.

3. Appellee's motion to dismiss was based on the grounds that: (1) the defendant, District of Columbia, is not liable for the actions of Superior Court judges; (2) even if it were, the District is immune from liability for their judicial acts; and (3) plaintiff's allegations do not establish a denial of due process because it is doubtful that he has a property interest in fees under the CJA, and because the procedures utilized by the judges to rule on fees plainly comport with due process requirements.

"Only when it has been impossible despite the plaintiff's best efforts to obtain a decision at law should plaintiff be permitted to overcome the anti-injunction bar and pursue the drastic alternative of equitable relief." *Id.*

■ Appellant's complaint and prayer for relief sounds, as far as we are able to discern, basically in equity. Appellant also seeks an "accounting" of funds due to him and assertedly withheld by trial court judges acting in their administrative capacity. It is apparent that the relief sought under this "accounting" claim is an injunction either preventing individual judges from administratively awarding any amount less than the requested CJA reimbursement, or mandating payment of withheld amounts. Appellant, however, has simply not exhausted the requisite and appropriate administrative and legal remedies. He has not asserted that other relief is unavailable, such as a petition to the trial court judge either by motion or more informal communication to reconsider his compensation claim. Such is the approved remedy. *See United States v. Smith,* 633 F.2d 739, 740 (7th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981); *United States v. D'Andrea,* 612 F.2d 1386, 1387 (7th Cir.1980). Absent exhaustion of such procedures, we conclude that appellant is not entitled to any of the relief he seeks. *See United States v. Lynch,* 690 F.2d 213 at 214–15 (D.C.Cir.1982).

*Affirmed.*

FERREN, Associate Judge, concurring:

Appellant alleges, among other things, an accounting action at law, claiming that payments for his legal services under the Criminal Justice Act (CJA) were reduced arbitrarily, in violation of his right to due process. Although appellant is not necessarily entitled to the statutory maximum rates or to payment for all the time claimed, *Thompson v. District of Columbia,* 407 A.2d 678, 681–82 (D.C.1979), he does have a suffi-

cient property interest at stake, in seeking reasonable compensation under the CJA, to trigger the right to procedural due process. By statute, the attorney has "a legitimate claim of entitlement to" such compensation. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1971); *see Perry v. Sindermann,* 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972); *Camenisch v. United States,* 180 U.S.App.D.C. 95, 97, 100, 553 F.2d 1271, 1273, 1276 (1976). The extent of his right to a hearing would be evaluated by reference to all the circumstances under the principles set forth in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

I agree with my colleagues, however, that an attorney should take up his or her grievance initially with the trial judge who cut the CJA compensation request; in this context, a lawsuit alleging a due process violation will not state a claim unless the plaintiff-attorney avers that he or she has made an effort to get the judge to reconsider, and that the effort has failed. *Cf. United States v. Smith,* 633 F.2d 739, 740 (7th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981); *United States v. D'Andrea,* 612 F.2d 1386, 1387 (7th Cir.1980). There is no such averment here.