**UNITED STATES of America, Plaintiff,**

v.

**Marlyn KILROY, Defendant.**

**No. 81–CR–54.**

United States District Court,
E.D. Wisconsin.

May 23, 1983.

See also, D.C., 523 F.Supp. 206.

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for plaintiff.

Stephen E. Kravit, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Counsel appointed by the Court to represent defendant Marlyn Kilroy in this case, has filed a voucher for counseling services seeking $7128.05 in attorney's fees. This well exceeds the $1000 limit imposed by the Criminal Justice Act, 18 U.S.C. § 3006A(d)(2). Counsel thus asks that this Court certify that counsel's representation of Kilroy was extended or complex under 18 U.S.C. § 3006A(d)(3) so that compensation may exceed the $1000 limit. The Court has concluded that this case was complex and that therefore the $1000 limit should be waived, but that counsel should not receive the full amount requested.

The complexity of this case manifested itself in the pretrial phases. The defendant was charged with embezzling money from Standard Oil Co. over a number of years in his position as a crop guide manager selling fertilizer. The case involved consultation with experts about a variety of matters. Further, as summarized in counsel's letter accompanying his attorney's fees voucher, there were three rounds of discovery and motions to dismiss. Thus, although a plea bargain was struck after two days of trial, the pretrial phases of this case justify a finding that the representation of Kilroy was complex. The Court further finds that the representation was not extended. However, § 3006A(d)(3) requires only that the Court certify that the representation was extended *or* complex.

Section 3006A(d)(3) also requires that this Court certify that the excess payment is necessary to provide a fair compensation. In this case, the Court holds that payment above $1000 is necessary to provide fair compensation, but that payment at the level requested would exceed a level of fair compensation. This is so not because counsel performed inadequately, but because counsel devoted too much time for a case of this nature. The Criminal Justice

Act provides for payment of appointment of counsel to insure each criminal defendant has counsel who is reasonably diligent, conscientious and competent. *United States v. Bailey,* 581 F.2d 984, 989 (D.C.Cir.1978). That Act does not provide that each criminal defendant is entitled to counsel who will give him the type of representation one would expect a millionaire to hire. Yet that is the type of representation counsel in this case provided. Counsel's representation went well beyond reasonably diligent, conscientious and competent representation.

■ The Court is mindful that the maximum hourly rates set by the Act do not compensate counsel at the usual hourly rate he would receive if privately retained, and it bears emphasis that these rates are intended to be maximum rates, not rates that counsel is automatically entitled to. But the Act was not intended to provide full compensation to counsel; rather, there was to be a substantial public service element on the part of appointed counsel. *United States v. Thompson,* 361 F.Supp. 879, 887 (D.D.C.1973).

There remains the problem of what amount of attorney fees between $1000 and $7128 to award to counsel. Counsel's itemized statement of hours spent is not sufficiently detailed for the Court to determine how much time was reasonably necessary to provide competent counsel to Kilroy. It is counsel's initial burden to provide an application sufficiently detailed to allow an exercise of informed judicial discretion. 361 F.Supp. at 884. The Court does not question that counsel actually spent the amount of time indicated or that counsel believed that amount of work was necessary to provide top quality representation. But the Court cannot determine from the itemized statement the amount of time that would have been required to provide reasonably competent representation instead of top quality representation.

■ Nonetheless, amounts awarded to other appointed counsel can serve as a guide. At the request of this Court, the Administrative Office provided a computer printout listing the attorney's fees paid to appointed counsel during fiscal years 1981 and 1982. The maximum award during those two years was an award for $3,246.49. Only one other award exceeded $3000. The next lower award was about $2300, and from there the awards drop down to somewhat above $1000. This case was not as complex as some of these other cases, but the fact remains that counsel did spend a great deal of time and effort and provided excellent representation. The Court believes that an award of $3500 would provide fair compensation as that term is used in the Criminal Justice Act.

THEREFORE, THE COURT CERTIFIES that counsel for Marlyn Kilroy in this case should be compensated under the Criminal Justice Act in the amount of $3500.00.