**UNITED STATES of America, Plaintiff,**

v.

**Darrel FARLEY, Defendant.**

**No. 82–CR–146.**

United States District Court,
E.D. Wisconsin.

June 8, 1983.

Joseph P. Stadtmueller, U.S. Atty. by R. Jeffrey Wagner, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

John L. DeStefanis, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

John L. DeStefanis was appointed by this court to represent defendant Darrel Farley in his criminal prosecution for alleged violations of the Lacey Act Amendments of 1981. On March 28, 1983, defense counsel submitted a voucher for attorneys' fees seeking $4,567.30 for his services. Because this sum far exceeds the $1,000 limit imposed by the Criminal Justice Act, 18 U.S.C. § 3006A(d)(2), counsel requests that the Court certify that his representation of Farley was extended or complex under 18 U.S.C. § 3006A(d)(3) so that compensation may exceed the $1,000 limit. Counsel has provided the Court with a detailed, six-page itemization of expenses sufficient to allow an exercise of informed judicial discretion. The Court, in its discretion, has concluded that the legal representation in this matter was extended, that the $1,000 limit therefore should be waived, but that the entire requested sum of $4,567.30 should not be recommended as "necessary to provide fair compensation."

■ Court proceedings, including pre-trial and post-trial hearings, that require significantly more professional time than an average felony defense are properly classified as "extended." The time spent, however, must be reasonably expended in the course of representation, a finding which calls for consideration of the nature of the case as well as its legal and factual difficulties.

■ Defendant Farley was indicted in seven separate counts for violations of the Lacey Act Amendments of 1981. Because these recent amendments had not been construed definitively in federal court, counsel undertook an extensive effort to attack both the statute and the indictment. In all,

five motions to quash or dismiss the indictment were filed in addition to the more routine request for discovery.

Pretrial preparation in this case was extended further by the undercover nature of the government's investigation. Much of the evidence adduced at trial consisted of tape recorded conversations. Prior to trial, counsel reviewed volumes of transcripts, investigative reports and other documents and listened to hours of taped telephone and in-person conversations.

Finally, defendant Farley was tried with codefendant Andrew LaFond. The trial lasted seven days and consumed approximately thirty-five hours. The jury ultimately acquitted Darrel Farley of all seven counts of the indictment. The Court finds that the time spent by defense counsel was reasonably expended. A total of 51 hours of "in-court" time and 128.5 hours of "out-of-court" time were logged. Pursuant to section 3006A(d)(3), the Court certifies that defense counsel's representation in this matter was extended.

Section 3006A(d)(3) also requires that this Court certify that the compensation in excess of $1,000 is necessary to provide fair compensation. In this case, the Court holds that payment above $1,000 is necessary to provide fair compensation, but that payment at the level requested would exceed a level of fair compensation. Payment of the full $4,567.30 requested here is unfair not because counsel's representation in this case is undeserving of such compensation but rather because payment of appointed counsel under the Criminal Justice Act was intended only to ensure that each criminal defendant is represented in a reasonably diligent, conscientious, and competent manner. *United States v. Baily,* 581 F.2d 984, 989 (D.C.Cir.1978). The Act was not meant to provide counsel with the compensation he ordinarily would receive if privately retained; the maximum hourly rates fixed by the statute demonstrate that fact. Instead, a duty to serve the community was expected to provide a substantial impetus to appointments of counsel.

Thus, whether payments in excess of $1,000 are fair compensation must be considered in light of these statutory purposes. The Court finds that counsel's representation in this case surpassed what is reasonably diligent, conscientious, and competent. With sincere appreciation to attorney DeStefanis, the Court observes the substantial public service performed by defense counsel. Nevertheless, the Act does not afford to each criminal defendant the "Cadillac" of legal representation. It is noteworthy that this district has only sparingly approved fee vouchers requesting more than $3,000. *See United States v. Kilroy,* 563 F.Supp. 304, 306 (E.D.Wis.1983).

The Court believes that, in the circumstances of this case, a fee award of $3,000 will provide defense counsel with compensation which, although not fully remunerative, is fair under the Criminal Justice Act.

Therefore, the Court hereby certifies that counsel for Darrel Farley should be compensated under the Criminal Justice Act in the amount of $3,000.00.