UNITED STATES of America, Plaintiff,

v.

William ELLZEY, Defendant.

No. 97–CR–20034.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Dec. 14, 1998.

Colin S. Bruce, Assistant U.S. Attorney, Urbana, IL, for Plaintiff.

Jon Gray Noll, Noll Law Offices, Springfield, IL, for Defendant.

### ORDER ON APPLICATION FOR COMPENSATION FOR APPOINTED COUNSEL

McCUSKEY, District Judge.

Jon Noll was appointed under the Criminal Justice Act to represent William Ellzey, who faced an indictment for Conspiracy to Distribute Cocaine and Cocaine Base. On May 15, 1998, following a five-day trial, Ellzey was convicted of that charge. On October 2, 1998, the court sentenced Ellzey to life in prison.

For his representation of Ellzey throughout these proceedings, Noll now petitions this court for attorney's fees and costs totaling $10,041.81, which exceeds the statutory maximum of $3500. 18 U.S.C. § 3006A(d)(2) & (3) (West Supp.1998). The applicable statute reads as follows:

> Payment in excess of any maximum amount provided in paragraph (2) of this subsection may be made for extended or complex representation whenever the court in which the representation was rendered ... certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit.

18 U.S.C. § 3006A(d)(3).

■ Thus, to grant an attorney's request for fees in excess of the maximum, the district court must certify that a waiver of the statutory maximum is justified. To do so, the court must engage in a two-part analysis. The threshold question is whether the attorney's representation was "extended or complex" justifying waiver of the maximum. The court must then determine what fee is "fair compensation" based on the facts of the individual case. *United States v. Carnevale*, 624 F.Supp. 381, 383 (D.R.I.1985); *United States v. Tutino*, 419 F.Supp. 246, 249 (S.D.N.Y.1976).

### I. *EXTENDED OR COMPLEX REPRESENTATION*

■ "Extended" representation connotes a substantial investment of time. A case is extended if "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." *United States ex rel Kubat v. Thieret*, 690 F.Supp. 725, 726 (N.D.Ill.1988), *cert. denied*, 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989).

■ Complex representation "refers to the intricacies of the case and their corresponding call on counsel's intellectual resources." *United States v. Bailey*, 581 F.2d 984, 987 (D.C.Cir.1978). The *Bailey* court established the following test for determining whether a waiver should be granted: excess compensation is to be allowed "if, but only if, the legal or factual problems in the case, or the quantity or nature of the service demanded, are significantly greater than average." *Bailey*, 581 F.2d at 989. To qualify for a waiver of the maximum amounts, representation may be either extended or complex; it need not be both. *Bailey*, 581 F.2d at 984. In applying this test, "the point of reference is the case commonly encountered, and the comparison must reveal enough margin of

difference to justify a confident conclusion that excess compensation is essential to fairness." *Bailey*, 581 F.2d at 989. The certifying judge should rely on everyday judicial experience in applying this standard.

■ Although this court need only find that Petitioner's representation was one or the other, this court finds that Noll's representation was both extended and complex. Noll was appointed to represent Ellzey on July 24, 1997, and his representation continued through a five-day trial in May 1998 and Ellzey's sentencing on October 2, 1998. The high-profile trial involved an extensive gang-related drug conspiracy, which spanned several years and consisted of thirty to forty participants. In addition, throughout Petitioner's representation, Ellzey suffered from mental health problems that hindered Petitioner's relationship with him. In particular, Ellzey rejected Petitioner's advice, refused to communicate with Petitioner's office, and had difficulty reading, writing, or verbally communicating sufficiently to assist Petitioner in preparing a defense. Petitioner spent a great deal of time trying to persuade Ellzey to consider cooperating with the government in light of the overwhelming evidence against him, but to no avail. Ultimately, all of Ellzey's co-defendants pleaded guilty, and many of them testified against Ellzey.

Thus, compared to the usual felony case before this court, Petitioner's representation of Ellzey called for a substantial investment of time, and presented challenges not typically encountered in a felony case. This court therefore certifies that Petitioner's representation of Ellzey was both extended and complex.

## II. *FAIR COMPENSATION*

Once representation is certified as "extended or complex," the court must then determine what fee constitutes "fair compensation." To that end, courts have widely accepted certain basic tenets, such as the character and complexity of work required; responsibilities involved; manner in which duties were performed; knowledge, skill and judgment required of and used by counsel; professional standing of counsel as reflected by length of time at bar, experience acquired and reputation established; nature of counsel's practice; any extraordinary pressure of time or other factors under which services were rendered; results achieved; and any other circumstances brought to the court's attention relevant and material to the determination of a fair and reasonable fee. *Carnevale*, 624 F.Supp. at 384; *United States v. Johnson*, 549 F.Supp. 78, 82 (D.D.C.1982); *Tutino*, 419 F.Supp. at 249.

■ Compensation for attorneys under the Criminal Justice Act is intended to prevent economic hardship and ease counsel's financial burden in these cases, not to eliminate that burden entirely. *Bailey*, 581 F.2d at 989. It has never been intended to mirror private sector rates or to result in an annuity for the bar. *Carnevale*, 624 F.Supp. at 383. Rather, it partially alleviates the financial burden associated with providing services that had traditionally been provided pro bono. *Carnevale*, 624 F.Supp. at 383.

■ Attorneys seeking compensation must provide sufficient details to support a contention that a case is more complex or time-consuming than the average case. *Carnevale*, 624 F.Supp. at 386. The detail provided must be sufficient to allow exercise of informed judicial discretion. *Tutino*, 419 F.Supp. at 249. Courts must resolve any vagueness in the nature of the representation against counsel. *Carnevale*, 624 F.Supp. at 389. This burden also exists with regard to the reasonableness of hours provided. Counsel is entitled to be paid only for hours that are necessary for reasonably diligent, conscientious, and competent representation. *United States v. Kilroy*, 563 F.Supp. 304, 306 (E.D.Wis.1983).

Petitioner is a well-respected attorney who has practiced law for many years. Aware that his client faced overwhelming evidence and a possible life sentence, he drew on that experience and defended Ellzey superbly. After witnessing his performance at trial, it is clear to this court that Petitioner meticulously investigated every aspect of this case. He adeptly cross-examined the government's witnesses, and presented a compelling closing argument, exhaustively pointing out each

weakness and inconsistency in the government's case.

Furthermore, Petitioner has documented precisely how he spent his time on this case. Petitioner devoted many hours investigating the vast evidence incriminating Ellzey, and interviewing numerous witnesses, many of whom were scattered about the state, some distance from Petitioner's office in Springfield. Given the scope of the conspiracy alleged, anything less would have been inadequate. Accordingly, the court finds that the hours Petitioner spent were necessary for reasonably diligent, conscientious, and competent representation of Ellzey.

In conclusion, this court finds and certifies that Petitioner's representation was both extended and complex, justifying compensation above the $3500 statutory maximum. The court further finds and certifies that the hours Petitioner spent and expenses he incurred were reasonable in light of the character and complexity of this case. The amount that Petitioner requests is therefore fair compensation for his representation of Ellzey.

Accordingly, IT IS ORDERED AND CERTIFIED that the Clerk of this Court shall transmit to the Chief Judge of this Circuit the aforementioned application for compensation, and this Certificate for consideration by the Chief Judge of the Circuit.