UNITED STATES of America, Plaintiff,

v.

Kevin BLANDFORD, Defendant.

No. 98–CR–20036.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Dec. 30, 1998.

Lawrence S. Beaumont, Assistant U.S. Attorney, Urbana, IL, for Plaintiff.

Ronald S. Langacker, Law Offices of Ronald S. Langacker, Danville, Il, for Defendant.

### ORDER ON APPLICATION FOR COMPENSATION FOR APPOINTED COUNSEL

MCCUSKEY, District Judge.

On April 21, 1998, Petitioner, Ronald S. Langacker, was appointed under the Criminal Justice Act to represent Kevin Blandford. Blandford was charged with the felony offense of conspiracy to possess with intent to distribute and conspiracy to distribute marihuana and cocaine. On July 10, 1998, Blandford pleaded guilty to the charge. Following a sentencing hearing on October 16, 1998, Blandford was sentenced to a term of 30 months' imprisonment.

Petitioner has submitted a voucher to this court seeking payment of attorney fees and costs in the total amount of $5,886.57 for his representation of Blandford. Petitioner has also submitted a letter in which he states that, because of various circumstances, the case required him to spend a substantial amount of time in research, filing pre-trial motions and trial preparation. Petitioner attached to his voucher a total of nine pages itemizing the time he spent on the case and his costs. Petitioner claims that the circumstances of this case justify compensation above the $3,500 statutory maximum.

The payment of claims for compensation for services rendered and expenses incurred by court-appointed counsel is governed by the provisions of the Criminal Justice Act. 18 U.S.C. § 3006A; *United States v. D'Andrea*, 612 F.2d 1386, 1387 (7th Cir.1980). The Criminal Justice Act states that the compensation to be paid to an attorney for representation of a defendant "shall not exceed $3,500 for each attorney in a case in which one or more felonies are charged." 18 U.S.C. § 3006A(d)(2). The statute also provides:

> Payment in excess of any maximum amount provided in subsection (2) of this subsection may be made for extended or complex representation whenever the court in which the representation was rendered ... certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3).

■ Thus, to grant an attorney's request for fees in excess of the maximum, the district court must certify that a waiver of the statutory maximum is justified. *United States v. Ellzey*, 29 F.Supp.2d 505, 506 (C.D.Ill.1998). To do so, the court engages in a two-part analysis. The threshold question is whether the attorney's representation was "extended" or "complex." If so, the court must then determine what fee is "fair compensation" based upon the facts of the individual case. *Ellzey*, 29 F.Supp.2d at 506.

In *Ellzey*, this court found that an attorney's representation was extended and complex, justifying a waiver of the statutory maximum. In that case, the defendant was charged with being involved in an extensive gang-related conspiracy which spanned several years and consisted of thirty to forty participants. The attorney's representation continued for more than one year and included representing the defendant during a five-day jury trial. In addition, the defendant suffered from mental problems which hindered the attorney's relationship with him and insisted upon going to trial despite overwhelming evidence against him. Based upon these facts, this court certified that the attorney's representation was both extended and complex. *Ellzey*, 29 F.Supp.2d at 507. Further, based in part upon this court's observation of the attorney's performance at trial, this court certified that the hours spent and expenses incurred "were reasonable in light of the character and complexity of the case." *Ellzey*, at 507. This court accordingly found that the total amount the attorney requested for attorney fees and costs, $10,041.81, was fair compensation for his representation of the defendant. *Ellzey*, at 507.

■ In this case, by contrast, Blandford pleaded guilty to the offense charged and no trial was held. Further, Petitioner represented Blandford for a period of just under six months. This court therefore finds that Petitioner's representation of Blandford was not "extended." However, this court recognizes that Petitioner filed four pre-trial motions on Blandford's behalf. Also, the complexity of the case was heightened for a time because Blandford insisted that he wanted to represent himself and proceed to an almost immediate jury trial. Blandford's insistence on proceeding to trial required Petitioner to spend time in trial preparation as it was very possible that he would be called upon to act as stand-by counsel. In any event, Petitioner, by expending considerable time and effort, was able to convince Blandford to withdraw his motion to represent himself and plead guilty to the offense. Based upon these facts, this court finds that Blandford's case·presented challenges not typically encountered in a felony case. See *Ellzey*, at 506. The pre-trial phases of this case justify a finding that Petitioner's representation of Blandford can be considered "complex." See *United States v. Kilroy*, 563 F.Supp. 304, 305 (E.D.Wis.1983).

This court must now determine what fee is "fair compensation" based on the facts of this case. See *Ellzey,* at 506. This court notes that the Criminal Justice Act was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. *Mills v. United States,* 713 F.2d 1249, 1256 (7th Cir.1983), *cert. denied,* 464 U.S. 1069, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984). The Seventh Circuit has recognized that the Criminal Justice Act was intended to provide some but not full compensation for the appointed attorney and that representation of indigent defendants under the Act requires a substantial measure of dedication and public service. *Mills,* 713 F.2d at 1257.

This court further notes that "fair compensation" often is found to mean less than the amount requested. See *United States v. Farley,* 565 F.Supp. 71, 72 (E.D.Wis.1983); *Kilroy,* 563 F.Supp. at 306. In this case, no trial was held and this court has some questions regarding whether all of the out of court time expended, especially a total of approximately 34 hours of legal research, was necessary. See *Kilroy,* 563 F.Supp. at 306. This court concludes that, based upon the circumstances of this case, the maximum amount allowed by the statute, $3,500, is fair compensation for Petitioner's representation of Blandford. Accordingly, this court orders that Petitioner's voucher shall be paid in the total amount of $3,500. This amount includes $533 for in court compensation, $147.32 for travel expenses, $65 for other expenses and $2,754.68 for out of court compensation.