**UNITED STATES of America,
Plaintiff,**

v.

**Charles A. STOUT, Defendant.**

**No. 00–CR–20015.**

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Aug. 9, 2000.

Eugene L. Miller, Assistant U.S. Attorney Urbana, IL, for Plaintiff.

Daniel G. O'Day, Cusack, Fleming, Gilfillan & O'Day, Peoria, Roytek, Ltd., Mattoon, IL, for Defendant.

### ORDER ON APPLICATION FOR COMPENSATION FOR APPOINTED COUNSEL

McCUSKEY, District Judge.

On April 18, 2000, Petitioner, F. James Roytek III, was appointed under the Criminal Justice Act to represent Charles A. Stout. Stout was charged in a two-count indictment with manufacture of methamphetamine and attempted manufacture of methamphetamine. On May 23, 2000, Roytek filed a Motion to Sever (# 10) the two counts against Stout. The Motion was denied on June 1, 2000. On June 5, 2000, Roytek filed a Motion to Suppress (# 13) and a Motion in Limine (# 14). Following a hearing, both Motions were denied. The case was set for jury selection on June 19, 2000. Jury selection began, but there were not enough jurors to conclude jury selection. Accordingly, this court declared a mistrial, and jury selection was reset for July 10, 2000. On July 6, 2000, Roytek was allowed to withdraw as counsel for Stout, and Daniel G. O'Day was substituted as counsel. On August 4, 2000, Stout pleaded guilty to Count I of

the indictment. Sentencing has been set for November 3, 2000.

On July 28, 2000, Roytek submitted a voucher to this court seeking payment of attorney fees and expenses in the total amount of $6,100.02 for his representation of Stout. Roytek also submitted a letter in which he states that "this case should be considered as extended and complex as an extended amount of time was involved in interviews and investigations." Roytek attached to his voucher an itemization of his expenses and the time spent on the case. Roytek is asking this court to certify that compensation above the $3,500 statutory maximum is warranted in this case.

The payment of claims for compensation for services rendered and expenses incurred by court-appointed counsel is governed by the provisions of the Criminal Justice Act (18 U.S.C. § 3006A). *United States v. D'Andrea*, 612 F.2d 1386, 1387 (7th Cir.1980). The Criminal Justice Act states that the compensation to be paid to an attorney for representation of a defendant "shall not exceed $3,500 for each attorney in a case in which one or more felonies are charged." 18 U.S.C. § 3006A(d)(2). The statute also provides:

> Payment in excess of any maximum amount provided in paragraph (2) of this subsection may be made for extended or complex representation whenever the court in which the representation was rendered ... certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3).

■ Thus, to grant an attorney's request for fees in excess of the maximum, the district court must certify that a waiver of the statutory maximum is justified. *United States v. Ellzey*, 29 F.Supp.2d 505, 506 (C.D.Ill.1998). To do so, the court engages in a two-part analysis. The threshold question is whether the attorney's representation was "extended" or "complex." If so, the court must then determine what fee is "fair compensation"

based upon the facts of the individual case. *Ellzey*, 29 F.Supp.2d at 506.

In *Ellzey*, this court found that an attorney's representation was extended and complex, justifying a waiver of the statutory maximum. In that case, the defendant was charged with being involved in an extensive gang-related conspiracy which spanned several years and consisted of thirty to forty participants. The attorney's representation continued for more than one year and included representing the defendant during a five-day jury trial. In addition, the defendant suffered from mental problems which hindered the attorney's relationship with him and insisted upon going to trial despite overwhelming evidence against him. Based upon these facts, this court certified that the attorney's representation was both extended and complex. *Ellzey*, 29 F.Supp.2d at 507. Further, based in part upon this court's observation of the attorney's performance at trial, this court certified that the hours spent and expenses incurred "were reasonable in light of the character and complexity of the case." *Ellzey*, 29 F.Supp.2d at 508. This court accordingly found that the total amount the attorney requested for attorney fees and costs, $10,041.81, was fair compensation for his representation of the defendant. *Ellzey*, 29 F.Supp.2d at 508.

■ In this case, by contrast, Roytek withdrew from the case shortly after the aborted jury selection. Roytek did not represent Stout during a jury trial. Further, Roytek represented Stout for less than three months. This court therefore finds that Roytek's representation of Stout was not "extended." This court does recognize that Roytek filed three pre-trial motions on Stout's behalf. However, the motions were fairly standard and did not involve extensive briefing or lengthy hearings. Accordingly, this court further concludes that there was nothing unusual about this case which made Roytek's representation of Stout "complex." *Cf. Unit-*

ed States v. Blandford, 30 F.Supp.2d 1080, 1081 (C.D.Ill.1998) (defendant's insistence upon representing himself and proceeding immediately to trial justified finding that representation was "complex"); Ellzey, 29 F.Supp.2d at 507 (representation of defendant who suffered from mental health problems during high-profile jury trial was "complex").

■ Because Roytek's representation in this case was neither "extended" nor "complex," his compensation cannot exceed $3,500. 18 U.S.C. § 3006A(d)(2), (3). This court further concludes that Roytek is not entitled to the statutory maximum for his representation in this case. This court notes that the Criminal Justice Act was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. Mills v. United States, 713 F.2d 1249, 1256 (7th Cir.1983), cert. denied, 464 U.S. 1069, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984). The Seventh Circuit has recognized that the Criminal Justice Act was intended to provide some but not full compensation for the appointed attorney and that representation of indigent defendants under the Act requires a substantial measure of dedication and public service. Mills, 713 F.2d at 1257.

■■ This court further notes that, in determining the amount of "fair compensation" for the attorney's representation, this court must determine whether the time spent was reasonably expended in the course of the representation, a finding which calls for consideration of the nature of the case as well as its legal and factual difficulties. See United States v. Farley, 565 F.Supp. 71 (E.D.Wis.1983). Counsel is entitled to be paid only for hours that are necessary for reasonably diligent, conscientious, and competent representation. Ellzey, 29 F.Supp.2d at 507. Moreover, "fair compensation" often is found to mean less than the amount requested. See Blandford, 30 F.Supp.2d at 1082; Farley, 565 F.Supp. at 72; United States v. Kilroy, 563 F.Supp. 304, 306 (E.D. Wis.1983.)

In this case, the charges were straightforward and no trial was held. Accordingly, based upon the nature of this case, this court has some questions regarding whether all of the out of court time expended by Roytek, a total of 104.36 hours, was reasonably expended and necessary. See Blandford, 30 F.Supp.2d at 1082; Kilroy, 563 F.Supp. at 306. Accordingly, this court concludes that, based upon the circumstances of this case, fair compensation for Roytek's representation of Stout is a total of $2,532.02. This amount includes $403.20 for time expended in court, $290.91 for travel expenses, $187.91 for other expenses and $1,650.00 for 33 hours of time expended out of court. Accordingly, this court orders that Petitioner's voucher shall be paid in the total amount of $2,532.02.